Lake, Ch. J.
I. To entitle the relator to the peremptory writ, he must establish the validity of the alleged contract for the erection of the school.house. In other words he must show that school district number eighty-four was a party to and hound by said contract. Has he done so?
From the testimony reported by the referee it is clearly shown, that the alleged contract was entered into by the relator of one part, and William Axe, director, and Henry Diffenbaugh, moderator, of said school district, of the other part. It does not purport to be the contract of the district in any respect, hut simply that of two individuals who style themselves respectively, the director and mod *257 erator of the district board. Nor do they by the terms of the contract undertake to bind the district, but in the language thereof, in addition to themselves, their “ executors, administrators, and assigns.”
In the construction of this instrument, we must hold it to be the contract, not of Hie school district, but that of Axe and Diffenbaugh; and that, by its terms, it imposes no liability whatever upon said district.
II. But another and quite as serious a difficulty- is presented in the fact that this contract was entered into by the director and moderator alone, without any notice to, or participation therein by the treasurer of the board.
Section fifty-four of our school law provides that “ the moderator, director, and treasurer, shall constitute the district board.” Gen. Stat., 970. Now while we cannot go so far as to hold, as insisted by counsel for the defendant, that all three of these officers must coincide and unite in a contract, to make it binding upon the district, yet we are of the opinion that all of them should be duly notified, and afforded an opportunity at least, to be present at all meetings, at which any business is transacted for the district; otherwise the action of the majority would not be legal, nor the district be bound, if the absent member should refuse his assent to what was done in his absence.
It was evidently contemplated by the legislature, that a school district should have the benefit to be derived' from the united experience and wisdom of all the members of the board. This would appear to be so from the fact that special pains seem to have been taken to secure, at all times, a full board. By section • sixty-two of said school law, it is provided, not only that the board shall have power to fill by appointment any vacancy that may happen to occur in their number, but it is imperatively required that they “ shall ” do so. To hold that two members of the board have the authority to aj>point pri *258 vate meetings, and there transact the important business-of the district without notice to their fellow member, is in our opinion, not only wholly unwarranted, but would be fraught with infinite mischief to the public.
For these reasons we must hold that the relator is in no situation to enforce the payment of this order by mandamus, and the peremptory writ is dehied.
Writ denied.
Ti-ie other judges concurred.