H. C. BROME v. CUMING COUNTY ET AL.

[FILED FEBRUARY 10, 1891.]

1. **Statutes:** REPEAL BY IMPLICATION. Section 47 of chapter 18, Compiled Statutes, which provides for the appointment of a county attorney by the county board was repealed by implication by the "act to provide for the election of county attorneys, to define their duties and fix their salaries," etc., approved March 10, 1885.

2. ——: ——. When the legislature has passed two statutes upon the same subject, the last one covering the entire subject-matter embraced in the first, and also containing additional provisions, the last act supersedes the former, and repeals it by implication.

3. **County Attorney:** SPECIAL COUNSEL CANNOT BE EMPLOYED AS. The county attorney is the law officer of the county. The county board cannot lawfully employ an attorney to perform the duties required by law to be discharged by the county attorney, and pay for such services out of the treasury of the county.

ERROR to the district court for Cuming county. Tried below before POWERS, J.

*Brome, Andrews & Sheean,* for plaintiff in error, cited, contending that, in the absence of express statutory prohibition, a county may employ counsel: *Smith v. Mayor,* 13 Cal., 531; *Hornblower v. Duden,* 35 Id., 670; *Clark v. Lyon Co.,* 8 Nev., 181; *Ellis v. Washoe Co.,* 7 Id., 293; *Tatlock v. Louisa Co.,* 46 Ia., 138; *State v. Patterson,* 40 N. J. L.,* 186; *Memphis v. Brown,* 2 Wall. [U. S.], 289–321; *Memphis v. Adams,* 9 Heisk. [Tenn.], 518; *Butcher v. Camden,* 29 N. J. Eq., 478; *Wilhelm v. Cedar Co.,* 50 Ia., 524; *Gillespie v. Broas,* 23 Barb. [N. Y.], 379.

*E. K. Valentine, M. McLaughlin,* and *T. M. Franse, contra,* cited, contending that the act of 1885, providing for county attorneys, repealed sec. 47, ch. 18., Comp. Stats.; *Platte Co. v. Gerrard,* 12 Neb., 244; *Smails v. White,* 4 Id., 353; *State v. Jones,* 18 Id., 401; *Daviess v. Fairbairn,* 3 How. [U. S.], 636; *Sullivan v. People,* 15 Ill., 233; *Leighton v. Walker,* 9 N. H., 59; *Commonwealth v. Kimball,* 21 Pick. [Mass,], 366; *Harrison v. Walker,* 1 Kelly [Ga.], 32; Sedgwick, Stat. & Const. Law [2d Ed.], 104; *Dexter, etc., Co. v. Allen,* 16 Barb. [N. Y.], 15; *People v. Van Nort,* 64 Barb. [N. Y.], 205; *U. S. v. Tynen,* 11 Wall. [U. S.], 88; *Norris v. Crocker,* 13 How. [U. S.], 429; *Pana v. Bowler,* 107 U. S., 529; *State v. Stoll,* 17 Wall. [U. S.], 425; *U. S. v. Claflin,* 97 U. S., 546; *Cook Co. Bank v. U. S.,* 107 Id., 445.

Norval, J.

The board of supervisors of Cuming county retained the plaintiff in error, an attorney at law, to assist the county attorney in the prosecution of suits brought against several ex-county clerks and their bondsmen to recover moneys alleged to have been received by said county clerks during their respective terms of office in excess of the compensation allowed by law, and not reported to the county board, nor paid into the county treasury. The county board allowed the plaintiff in error the sum of $150 as a retainer

fee in said actions, whereupon Emil Heller, a taxpayer, took an appeal to the district court.

The cause was submitted to the court upon the following stipulation of facts:

"H. C. Brome
          v.          } Stipulation.
The County of Cuming.

"It is hereby stipulated and agreed by and between the parties to the above entitled cause that the only question involved in this cause is as follows, to-wit: Has the county of Cuming authority and power through its duly elected and acting board of supervisors to employ an attorney other than the county attorney, to aid in the prosecution or defense of civil suits to which the county is a party, when by the county board such employment is deemed necessary and to pay a reasonable compensation for such services; it being agreed that the above question of law shall be submitted to the court for determination, and that no other question shall be presented to or determined by the court in this case.

"If the above and foregoing question be determined affirmatively by the court, then the said H. C. Brome shall have judgment in this case for the sum of $150, with interest thereon at seven per cent per annum from the 20th day of September, 1889, and the court shall tax costs herein as by law provided.

"If said question be determined in the negative, then judgment shall be entered dismissing the case of H. C. Brome made herein, and taxing the costs of this action against him.

                    "H. C. Brome,

                    "P. M. Moodie,

                            "*County Att'y of Cuming Co.*

                    "E. K. Valentine,

                    "M. McLaughlin,

                    "T. M. Franse,

                      "*Attorneys for Emil Heller, Appellant.*"

The finding and judgment of the district court were against the plaintiff in error.

It is claimed by the plaintiff in error that section 47 of an act entitled "An act concerning counties and county officers," passed by the legislature in 1879, conferred authority upon the board of supervisors to make the employment and to pay him for the services rendered. Said section provides that "The county board may, when they deem it necessary, employ an attorney to prosecute and defend all actions in which the county is a party or may be interested, and to advise such board upon any matter pending before them. But the compensation allowed such attorney shall not in any one year exceed the sum of one thousand dollars." Unless this section has been repealed by the legislature the point made by the plaintiff in error is well taken. It must be conceded that it has never been repealed by any express enactment. It is urged by the defendant in error that it was repealed by implication by the passage by the legislature, in 1885, of an act entitled "an act to provide for the election of county attorneys, to define their duties, and fix their salaries," etc.

Section 1 provides that a county attorney shall be elected in each organized county at the general election in 1886, and every two years thereafter.

The second and fourth sections are as follows:

"Sec. 2. It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute and defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal, arising under the laws of the state, in which the state or the county is a party or interested."

"Sec. 4. The county attorney shall, without fee or reward, give opinions and advice to the board of county commissioners and other civil officers of their respective counties, when requested so to do by such board or officers, upon all matters in which the state or county is interested,

or relating to the duty of the board or officers in which the state or county may have an interest."

By the third section it is made the duty of the county attorney to prosecute criminal complaints before magistrates, as well as all civil suits before such officer, in which the state or county is a party or interested.

Section 5 fixes the amount of salary according to the population of the county.

Section 6 provides that "The county attorney may appoint one or more deputies, who shall act without any compensation from the county, to assist him in the discharge of his duties; *Provided*, That the county attorney of any county may, under the direction of the district court, procure such assistance, in the trial of any person charged with the crime of felony, as he may deem necessary for the trial thereof, and such assistant or assistants shall be allowed such reasonable compensation as the county board shall determine for his services, to be paid by order on the county treasurer, upon presenting to said board the certificate of the district judge before whom said cause was tried certifying to the services rendered by such assistant or assistants."

Section 7 provides that "In the absence, sickness, or disability of the county attorney and his deputies, the court before whom it is his duty to appear, in which there may be business for him, may appoint an attorney to act as county attorney, by an order to be entered upon the minutes of the court, but who shall receive no compensation from the county except as provided for in section six (6) of this act."

Prior to the adoption of the act from which the above sections are taken there existed in this state the office of district attorney. It was the duty of that officer to prosecute and defend all suits, civil and criminal, within his district in which either the county or state was interested. As the population of the state increased the duties devolv-

ing upon the district attorney so augmented that it was impossible for him to do but little, if anything, more than attend to the criminal prosecutions in the district courts of the counties of his district.   For the purpose of granting relief the legislature, in 1879, adopted section 47 above quoted, providing for the appointment of a county attorney in each county.   In 1885 the legislature abolished the office of district attorney and created the office of county attorney, providing for the election of such officer by the people.   It imposed upon him all the duties which before that time devolved upon both the district attorney and the attorney appointed by the county board.   The act of 1885 is full and complete in itself.   It covers the whole subject matter embraced in section 47 and was intended by the legislature as a substitute for it and the law creating the office of district attorney.   It changed the method of selecting the legal adviser of the county from appointment by the board to an election by the people.   It changed the salary and also placed new duties upon the county attorney. If section 47 is still in force then there may be two county attorneys in each county.   This the law-makers never intended.   The rule recognized by the courts is where the legislature has passed two acts upon the same subject, the last one covering the entire subject-matter embraced in the first, and also contains additional provisions, the last act supersedes the former and repeals it by implication.   (*Pierpont v. Crouch*, 10 Cal., 315; *Leighton v. Walker*, 9 N. H., 59; *Bartlett v. King*, 12 Mass., 545; *People v. Van Nort*, 64 Barb., 205; *D. & L. Plank Road Co. v. Allen*, 16 Id., 15; *Daviess v. Fairbairn*, 3 How. [U. S.], 636; *U. S. v. Tynen*, 11 Wall., 88; *U. S. v. Claflin*, 97 U. S., 546.)   It follows that section 47 is repealed and there is no statute which authorized the employment of the plaintiff.

It is insisted by the plaintiff in error that a county board has the inherent power to employ an attorney and pay for such services from the treasury of the county.   We will con-

cede that the power conferred upon a county to sue and be sued would carry with it the authority to employ an attorney and bind the county for such services, if no counsel had ·been provided it by law.   The writer held, when upon the district bench, prior to the taking effect of the present county attorney act and while the district attorney law was in force, that a county had the power in a proper case to employ counsel.   That was upon the theory that the district attorney was not a county officer and as the law had not made it the duty of any officer of the county to perform the services which the county board had procured counsel to perform they were not required to depend upon the district attorney.

These reasons no longer exist, for it will be observed that the sections of the act of 1885, quoted above, provide an officer for each organized county whose special duty it is made to attend to all the legal business of the county. He is required to prosecute and defend suits and proceedings, civil or criminal, in which the state or the county is a party or interested.

It is no answer to say that the people may elect a person to the office of county attorney who is not competent to protect the interests of the county.   This is no more likely to occur in filling that office than any other county office. Would it be claimed that because an incompetent person should be elected to the office of county treasurer or county judge the county board have the power to employ another person to discharge the duties which the law has placed upon such officer?   Certainly not.   In principle we see no difference between the supposable case and the one at bar.   But the presumption is that competent persons will be elected to the office of county attorney, and we may say, as a general rule, that the persons filling that office in this state are competent and well qualified for the position.

It may be said that important litigations frequently arise where the county attorney should have assistance in order

to protect the interests of the county and state.    Recognizing that such necessity might exist, the legislature has authorized the county attorney to appoint one or more deputies.    He is empowered, under the direction of the district court, to procure assistance in the trial of felonies, at the expense of the county.    In case of absence, sickness, or disability of the county attorney and his deputies, the court before whom it is his duty to appear is authorized to appoint an attorney to act in his place.    The legislature has made ample provision for protecting the interests of the county and state by furnishing proper legal counsel. The statute having pointed out the mode of procuring counsel for the county it is exclusive of all others.

The services rendered by the plaintiff in error, for which he claims compensation in this case, are precisely what the law required the county attorney to perform.    The employment was without authority of law and no recovery can be had.

The judgment is

AFFIRMED.

THE other judges concur.