WILLIAM B. BISHOP, APPELLANT, V. JAMES H. FULLER, TREASURER, ET AL., APPELLEES.

FILED JANUARY 17, 1907.  No. 14,644.

1. **Schools:** OFFICERS DE FACTO. If, pursuant to an opinion of the state superintendent of public instruction, one of two contestants for the office of school director assumes the duties of the office and acts as such officer, he is while so acting a *de facto* officer of the district.

2. **Corporations:** CONTRACTS: RATIFICATION. It is a general rule that corporate authority may ratify any act or contract made in its behalf which it might have lawfully done or made originally.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for appellant.

*Rinaker & Bibb* and *H. E. Sackett, contra.*

EPPERSON, C.

Plaintiff Bishop, as a resident and taxpayer, brought this action in the district court for Gage county to enjoin

Fuller, the treasurer of school district 29, from paying two school warrants, one for attorney fees in the sum of $163.81, and the other for $56.35 court costs. A temporary injunction was issued, and, upon Fuller's refusal to defend, Babcock, Sackett & Spafford, attorneys at law, and H. B. Smith, moderator of the district, were permitted to intervene. Upon final hearing the temporary injunction was dissolved and judgment entered for interveners for costs. Plaintiff appeals.

It appears from the record that in June, 1902, Bishop received a plurality of the votes cast for director. Afterwards it was contended by Smith that Bishop, not having received a majority of all votes cast, was not duly elected. Within a few days after the election the matter was submitted to the state superintendent of public instruction, who ruled that Bishop was not elected, and advised a special election to elect a director. A special meeting was called in September, 1902, at which McIntosh was declared elected director and entered upon the discharge of the duties of the office. Bishop and the treasurer of the district refused to recognize McIntosh, and the moderator, Smith, refused to sign orders bearing Bishop's signature as director. Thereupon Bishop secured writs of mandamus and compelled Smith to sign the orders. Finally Bishop brought quo warranto proceedings, and on February 9, 1903, secured a judgment against McIntosh ousting him from the office of director. The mandamus suits were instituted and disposed of subsequently to the election of McIntosh as director and prior to the judgment ousting him from office. Attorneys Babcock, Sackett & Spafford appeared and resisted the suits instituted by Bishop. Thereafter their attorney fees and the costs expended by Smith were allowed by a majority of the school board and the warrants in question drawn in payment thereof. Smith, as moderator, and McIntosh, claiming to act as director, attempted to control the affairs of the district during the time in controversy. Fuller was considered by them the duly elected treasurer, but he did

not participate in their official acts because he did not recognize the latter as director, and refused to cooperate with him in anything pertaining to the affairs of the district. Smith, with the consent of McIntosh, and in a few instances with his actual participation, employed the firm of attorneys to advise and assist him in the several actions instituted. The attorneys considered the litigation that of the district, and made their charges against the district, and not against Smith individually. Plaintiff contends that McIntosh was not director, and that he and the moderator could not bind the school district, and that to bind the district the contract employing attorneys should have been made by the treasurer under the provisions of section 11062, Ann. St.

The question first arising is: Who was the director from September, 1902, when McIntosh was elected, to February, 1903, when he was ousted from office. By the judgment of ouster the court found that Bishop was elected in June, 1902. It was therefore established that there was in fact no vacancy in the office when McIntosh was elected. His election would have been void had it not been for the decision of the state superintendent in June, 1902, to the effect that Bishop was not the director. Section 11128, Ann. St., provides: "He (the state superintendent) shall decide disputed points in school law, and all such decisions shall be held 'to have the force of law until reversed by the court." The legality of Bishop's election was a disputed question, and under the opinion of the state superintendent McIntosh assumed the duties of the office. He was by reason of his election at the special meeting, and acting as director thereafter, a *de facto* officer of the district. As the treasurer refused to recognize his authority, we think there is no doubt that he and moderator Smith, being a majority of the board, could bind the school district by contract.

Section 11062, Ann. St., provides: "It shall also be the duty of the treasurer to appear for and on behalf of the district in all suits brought by or against the same, when-

ever no other directions shall be given by the qualified voters in the district meeting, except in suits in which he is interested adversely to the district; and in all such cases the director shall appear for such district, if no other directions shall be given as aforesaid." Plaintiff argues that by reason of the statute no one other than the school treasurer had authority to bind the district to pay the expenses involved, no other directions having been given by the electors. The suits in question were not brought in the name of the district, nor was the district a party defendant. The nature of the actions would not permit it. But it does not follow that the district was not interested. The above statute is not broad enough to require the treasurer to control the prosecution or defense of suits by or against school district officers suing or sued in their official capacity where the district is not named as a party. The general duties of such officers require them to look after the interests of the district, and they should defend suits if it appears that the interests of the district demand it. Plaintiff cites *People v. Peters,* 4 Neb. 254, where it was held: "The action of a majority of a school district board will not bind the district, without notice to or participation therein of the other members." It is true Treasurer Fuller was not notified of the proceedings had by the moderator and director; but throughout the entire period of contention he refused to recognize McIntosh as director. He never entered upon the administrative duties of his office, but instead treated Mr. Bishop as director, who as above shown was not such officer. On account of his attitude the business was necessarily conducted by the other members of the board, and we doubt very much that the rule in *People v. Peters, supra,* is applicable. We consider it unnecessary to distinguish that case here, for the reason that after all litigation had ceased the school board, with a full attendance, by a majority vote, ratified the contracts made by Smith and McIntosh by allowing the claims the payment of which plaintiff seeks to enjoin. In *Saline County v. Gage County,* 66 Neb. 844, it was

said: "It is a rule subject to few, if any, exceptions, that a corporate authority may ratifiy and confirm any act or contract in its behalf or for its benefit which it might have lawfully done or made originally. We do not think that this case furnishes an exceptional instance. When, therefore, the county board of Gage county, in good faith and in the exercise of its corporate powers, allowed the claim in controversy, it cured any informality or insufficiency in the contract for the building of the bridge, as effectually as though a formal and express ratification of it had been made before the work was begun."

It also appears that at the school meeting following, the same items of expenditure were reported by the director and his report was adopted. At no time since has the action of the board or of the annual meeting been repudiated or set aisde. It seems clear that a school district has power to expend money for legal services and costs, and such indebtedness, although irregularly contracted in the first instance, may be ratified afterwards by its officers and the electors of the district.

We think the judgment of the district court is right, and recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.