STATE, EX REL. J. L. BRANDEIS & SONS, APPELLEE, V. CHRISTIAN A. MELCHER, APPELLANT.

FILED JUNE 29, 1910.    No. 16,102.

1. **Schools:** BOARD OF EDUCATION: ADOPTION OF RULES. A rule adopted by the board of education of the city of South Omaha, providing that its committee on teachers and janitors shall annually, after

the organization of the board in May, report the names of teachers and janitors to be selected by the board and the salaries to be paid such employees, and also recommend three competent persons to inquire into the qualifications of applicants desiring to teach in the public schools in said city, is a reasonable exercise of the power delegated to said board by the legislature to enact rules and regulations, is binding upon the board, and contemplates that, except in emergencies, the incoming members shall have the right to participate in employing teachers and janitors for the year next succeeding the new members' election.

2. ———: ———: EMPLOYMENT OF SPECIAL COUNSEL. Section 8430, Ann. St. 1909, does not disable the board of education of the city of South Omaha from employing counsel at the expense of the district in addition to its regular attorney to represent it in litigation.

3. Mandamus: PAYMENT OF SCHOOL WARRANT. But if the treasurer of the district refuses to pay a warrant drawn in payment for legal services rendered the board and a fraction of its members in opposing a suit prosecuted to restrain them from acting in violation of the rules of the board, the writ should not issue unless it clearly appears that the members of the board were acting in good faith with respect to the matters referred to in the injunction suit and according to their rules and the law.

4. Appeal: ERRORS NOT ARGUED IN BRIEFS. Ordinarily an error occurring in the district court will not be noticed on appeal unless the appellant specifically assigns and argues that error in his brief; but where the effect of affirming a judgment may be to improperly dispose of school funds, and error prejudicial to the district appearing in the record is referred to but not specifically assigned in the brief, it will be noticed, although not argued at length.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*E. R. Leigh* and *J. J. Breen,* for appellant.

*Baxter & Van Dusen* and *John L. Kennedy, contra.*

ROOT, J.

This is a mandamus proceeding to compel the respondent, the treasurer of the school district of the city of South Omaha, to pay a warrant drawn against its funds. The relator prevailed, and the respondent appeals.

On the 4th day of May, 1907, Axel Bergquist, a resident taxpayer of the district, commenced an action in the district court for Douglas county against the board of education and its individual members, charging that the defendants therein, Laverty, Rich and Corrigan, had conspired to enter into contracts, in the name of the board, with teachers, janitors and other employees for a period 'of time extending beyond the terms of said members and in violation of the rules adopted by said board.     Bergquist asked that the defendants be enjoined from proceeding at that time to elect teachers, janitors and other employees.     Judge Kennedy issued a restraining order and set the cause down for hearing on the application for a temporary injunction.     Thereupon, April 5, 1907, the board made an order, Laverty, Rich and Corrigan voting aye, and the other two members voting nay, that H. B. Fleharty, Esq., and Messrs. Baxter & Van Dusen, practicing attorneys of the Douglas county bar, should be employed to represent the board in resisting said suit.     A joint answer for the board, Laverty, Rich and Corrigan, was filed by said attorneys and the regular attorney for the school board April 15, 1907.     That same day an amended petition was filed, omitting the name of the board of education from the caption, but no entry was made dismissing the action as to said defendant.     Thereupon the same counsel filed the joint answer of Laverty, Rich and Corrigan.     April 16, 1907, the suit was dismissed without prejudice to another action.     April 18, 1907, the board, Laverty, Rich and Corrigan voting aye, and the other members voting nay, allowed a bill for legal services in the sum of $150 in favor of Mr. Fleharty, and a like bill in favor of Messrs. Baxter & Van Dusen.     The relator purchased Mr. Fleharty's warrant for a valuable consideration, and it forms the basis of this suit.

1. School district warrants do not possess the qualities of negotiable paper, and a purchaser thereof takes them subject to all equities existing against the original holder. *School District v. Stough,* 4 Neb. 357; *State v. Cook,* 43

Neb. 318. A writ of mandamus should not issue unless the right of the relator to the relief is clear and no adequate remedy at law exists. *State v. City of Omaha,* 14 Neb. 265; *State v. Cook, supra; State v. Merrell,* 43 Neb. 575; *State v. Bartley,* 50 Neb. 874. We have sustained the district court in granting a writ to compel the payment of a school district warrant. *Leonard v. State,* 67 Neb. 635. Ordinarily the discretion of the district court in granting or withholding the writ will not be overruled unless the record presents a plain error or it is clear that the principles of law controlling the rights of the parties have not been correctly applied.

In 1903 the legislature by chapter 98, laws 1903 (Ann. St. 1909, sec. 8415 *et seq.*), provided that every city of the first class having more than 25,000 and less than 40,000 inhabitants, and such adjacent territory as might be attached to the city for school purposes, should constitute a school district, and its affairs be controlled by a board of education of five members elected by the qualified voters of the district. The board of education is granted the power "to select their own officers, and make their own rules and regulations subject to the provisions of this act and the general school laws." Section 8421. The act further provides: "That said board of education shall have power to elect an attorney for said board, and may enter into a contract with him for a term not to exceed one year. Said attorney shall receive a salary of three hundred dollars per annum, payable in monthly instalments of twenty-five dollars each." Section 8430. By section 16 of the rules adopted by the board prior to April 4, 1907, the committee on teachers and janitors is required to report to the board annually, after the organization in May, the names of competent and eligible teachers and janitors to be elected, and to recommend three competent persons to act as an examining board to inquire into the qualifications of such teachers. Section 21 of the rules requires the attorney for the district to attend all board meetings, inspect and pass upon all contracts, bonds and

legal documents in which the board is interested, to advise the board upon all legal questions concerning the affairs of the district, to take charge of all suits at law "as directed by the board, in which the interests of the school district are involved, and to do such other legal business for the district as the board may direct." Prior to April 4, 1907, the board had selected an attorney, and there is nothing in the record to suggest he was disqualified from appearing for the board in the injunction suit.

2. The respondent contends that, since the legislature has made provision for an attorney to represent the school district, the board did not have authority to employ additional counsel and pay them out of the funds of the district. *Brome v. Cuming County*, 31 Neb. 362, is cited as controlling the instant case. In that action we held the county commissioners had no authority to employ at the expense of the county private counsel to assist the county attorney in legal proceedings brought by the county against several of its *ex* clerks and their bondsmen. The legislature created the office of county attorney and defined that official's duties. By force of the statute then existing the county attorney was given control and charged with the sole responsibility of attending to the county's legal business, and the county commissioners, exercising such authority as the legislature had delegated to them, could not control the county's litigation or bind it to pay for services which the statute directed the county attorney to perform for his official salary. The other authorities cited by respondent's counsel upon this point relate to cases analogous to *Brome v. Cuming County, supra,* and do not in our opinion sustain his argument upon this feature of the instant case. Chapter 98, laws 1903, specifically authorizes school districts of the class to which the district of South Omaha belongs to sue and to be sued in proper cases. Section 33 of the act (Ann. St. 1909, sec. 8447) by reference incorporates into the act so much of the general school law as is not inconsistent with said chapter. The effect of this section is to expand

to some degree the scope of chapter 98, *supra. State v. Majors,* 85 Neb. 375. By the provisions of the general school law, school district officers are given authority to protect the district in all suits to which the district is a party or which may affect its interests. In the opinion of Mr. Commissioner EPPERSON in *Bishop v. Fuller,* 78 Neb. 259, may be found a discussion of this subject, and the commissioner reasons that the school district may lawfully expend its funds in litigation affecting its interests but to which it is not a party.

Section 8430, Ann. St. 1909, does not provide that an attorney when selected by the school board shall have control of all litigation in which the district may be interested, nor does the statute create a legal department and devolve upon it complete responsibility for all such litigation. It is declaratory and not restrictive in direct terms or by fair implication of the language used. The school district of the city of South Omaha owns property of great and increasing value. A continuous, rapid increase in population calls for a corresponding expansion in the number of its schoolhouses and teachers. Litigation involving property rights or the public revenue and vitally affecting the school district is likely to arise at any time. We do not believe the legislature intended to authorize a rural school district to employ and pay counsel reasonable fees in all cases affecting its interests, and at the same time to restrict the school district of South Omaha to the payment of an attorney fee for all legal services rendered it during an entire year that in some instances would amount to no more than a respectable retainer. We therefore are of opinion that it was within the power of the board of education, if acting in good faith, to employ counsel to appear in litigation in which the district was interested and to pay such counsel out of the funds of the district a reasonable sum for their services.

3. Although the board had authority to employ attorneys, we are not entirely satisfied that the evidence of the board's good faith is so clear concerning the employment

of counsel to assist their regular attorney in opposing the injunction suit that a writ should issue to compel the payment of the warrant in suit. The legislature has authorized the board to enact rules to govern its conduct. Prior to April 4 the board had exercised that power by providing that its committee on teachers should report annually in May, after the reorganization of the board, the names of teachers and janitors to be employed for the succeeding year by the district. Members of the board of education are elected on the first Tuesday in April. Section 8420, Ann. St. 1909, provides that the board shall hold a regular meeting on the first Monday in each month. The record discloses that the terms of Laverty, Rich and Corrigan expired the first Monday in May, 1907. It is evident, if the rules of the board are given any binding force, that outgoing members of the board of education, except in cases of emergency, have no voice in selecting teachers and janitors for a period extending beyond the retiring members' terms. Where the legislature delegates to an administrative board the power to enact rules to carry out the purposes for which that body was created, a reasonable rule, not in conflict with law, has the force of law within that board's field of action and will be sustained by the courts. *Ives v. Irey,* 51 Neb. 136; *State v. Dunn,* 76 Neb. 155; *State v. Dudgeon,* 83 Neb. 371; *Blue v. Beach,* 155 Ind. 121.

In *Nelson v. City of South Omaha,* 84 Neb. 434, under a statute providing that the rules might be suspended and an ordinance passed in manner other than directed by the act, we held that a vote of two-thirds of the members of the city council in favor of an ordinance would be construed as a vote in favor of suspending the rules. There is nothing in the record to show that the rules of the board of education in the city of South Omaha provided in 1907 for their suspension. From the proof before us it appears that three members of the board, in defiance of its rules, were attempting to forestall the action of their successors in office. It also appears that special counsel were

employed in the name of the board by the solid vote of those members, and over the objections of the other members, to remove the legal obstructions interposed to prevent such unlawful acts. It may be that it was to the interest of the district to defeat a suit prosecuted to restrain a majority of the board from acting in violation of its rules, but there is nothing in the record to warrant such an inference. There is proof that on the 18th of April, 1907, two days after the injunction suit was dismissed, the plaintiff therein brought another action against Laverty, Corrigan and Rich, and Judge Sutton restrained them from electing teachers or janitors. Upon the trial of the instant case the respondent sought to prove that April 16, before the first action was dismissed, Laverty, Rich and Corrigan assured the district court they had no intention of electing any teachers or janitors; that immediately after that action was disposed of they attempted to do the things they stated in open court they had no intention of doing and the second suit was the result of that conduct. This proof was excluded by the district court.

There is no specific assignment of error in the respondent's brief based upon this ruling of the district court, nor is the question of Rich, Laverty and Corrigan's good faith in assuming to act in the name of the board in violation of its rules or in employing counsel to sustain their action argued at length, although reference is made thereto. We have, however, before us copies of the pleadings and of the orders made by Judges Sutton and Kennedy. The purpose of the writ is to compel the expenditure of funds held by the respondent in trust for the benefit of the children of South Omaha, and we think this is a case where we should avail ourselves of the privilege accorded by section 675c of the code. We do not care upon the evidence before us to determine the good faith of those men, but are of opinion that the court should have permitted the respondent to introduce evidence tending to prove bad faith on the part of the retiring members of the

board of education, and that upon the evidence received the writ should not have issued. The other arguments presented by the respondent have been examined, but are not thought applicable to the case at bar.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.