H. M. UTTLEY ET AL., APPELLANTS, v. T. D. SIEVERS ET AL., APPELLEES.

FILED JUNE 3, 1916.   No. 19371.

1. **Statutes:** MODIFICATION: CONSTITUTIONAL PROVISIONS. "Changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates are not forbidden by section 11, art. III of the Constitution." *De France v. Harmer*, 66 Neb. 14.

2. **Counties:** CLAIMS: VERIFICATION. Section 35, ch. 19, Laws 1866, examined in connection with section 37 of the act of March 1, 1879

(Laws 1879, pp. 353, 366), and *held*, that the former act was superseded and repealed by the later act; that by such repeal section 2461, Rev. St. 1913, is no longer in force, and that section 965, Rev. St. 1913, prescribes the verification required to be attached to all claims filed against a county.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*H. M. Uttley,* for appellants.

*J. A. Donohoe, contra.*

FAWCETT, J.

Plaintiffs instituted this action in justice court in Holt county, under the provisions of section 2461, Rev. St. 1913, to recover, for the state of Nebraska, the sum of $50, which it is alleged defendants should forfeit to the state for having, as the county board of supervisors, allowed the claims of two of its members for *per diem* and disbursements without requiring from them the oath prescribed by such section. From a judgment in favor of the defendants, plaintiffs appealed to the district court, where a like judgment was entered, and plaintiffs have brought the case to this court for review.

The case turns on the question as to whether or not section 2461 or section 965, Rev. St. 1913, governs. The case was submitted on a stipulation of facts in which it is admitted by the parties that the claims appearing in the record are true copies of the original claims as allowed; that the affidavit mentioned in section 2461 was not made in connection with such claims; that such affidavit has never been required or made in connection with any or like claims in Holt county since the county was organized, and that claims similar to the ones in controversy have been filed and allowed by every county board of that county since its organization; that the form of claim in controversy "is in the same form and the verification is the same as that used in every other county in the state of Nebraska."

It will be seen from this stipulation that the justness of the claims in controversy is not assailed, nor the honesty of the defendants as commissioners called in question; that the action is based solely upon the ground that the defendants, as commissioners, allowed the claims upon a verification prescribed by section 965, *supra,* found in the act entitled "Counties and County Government," instead of section 2461 appearing in the act entitled "Fees and Salaries." Defendants contend that section 2461 was repealed by an independant act of the legislature, approved March 1, 1879, which became effective September 1, 1879. Section 2461, upon which the action is based, was adopted in 1866, and appears as section 35, ch. 19, Laws of that year. This chapter will also be found in Rev. St. 1866, p. 157; section 35 being found on page 172. This section has been carried in the statutes of the state down to and including Revised Statutes 1913, in which it appears as section 2461. The act of March 1, 1879, is entitled "An act concerning counties and county officers." It is a comprehensive act of 154 sections. It proceeds in great detail to define the powers and duties of county officers of various kinds, the filing of claims against the county, the issuance of warrants, etc., and by section 37 provides: "Before any claim against a county is audited and allowed, the claimant or his agent shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid after allowing all just credits." Section 153 expressly repeals certain enumerated chapters and sections of other chapters, and concludes: "And all acts and parts of acts inconsistent with the provisions of this act are hereby repealed." By the concluding section it is provided that the act should take effect and be in force from and after September 1, 1879. Section 37 has never been repealed or amended, and now appears as section 965, Rev. St. 1913. This was an in-

dependent act, complete within itself, and it is now claimed that as it is squarely in conflict with section 35, ch. 19, Laws 1866, it repeals such former act by implication, and that by reason of such repeal section 2461, Rev. St. 1913, is obsolete and of no force and effect.

Plaintiffs cite and rely upon the authorities that the repeal of a statute by implication is not favored, and it is only where two statutes relating to the same subject are so repugnant to each other that both cannot be enforced that the last one enacted will supersede the former and repeal it by implication. There is no doubt as to the soundness of that rule. It has been frequently applied by this court. But there is another rule equally well established in this court and clearly announced in *De France v. Harmer,* 66 Neb. 14, viz.: "Changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates are not forbidden by section 11, art. III of the Constitution." This holding is reaffirmed in *Wilkinson v. Lord,* 85 Neb. 136. See, also, *Brome v. Cuming County,* 31 Neb. 362, and *State v. Benton,* 33 Neb. 823.

Does the fact that section 2461 appears in the act entitled "Fees and Salaries," while section 965 appears in the act entitled "Counties and County Government," in any manner change the rule? We think not. As said by counsel for plaintiffs, at the time section 2461 was adopted in 1866, and until the enactment of 1879, there was no provision in the statute requiring general claims for work and labor, material furnished, etc., to have any affidavit or proof attached thereto; the only requirement of a verification of a claim being the one upon which plaintiffs now rely. There were many other questions relating to counties and county officers which during those years were indefinite and incomplete. This condition of affairs doubtless led the legislature to pass the act of 1879. In 1866 there were comparatively few counties in the state. In 1879 the number had greatly multiplied. Conditions in the state had greatly changed. The sub-

ject of counties and county officers had become an important one, and, in order to secure a comprehensive and clear definition of the rights of counties and the powers and duties of county officers, the legislature went fully into the subject and passed a new, independent and comprehensive act settling all those matters. Section 2461, as it then existed, required only a verification of claims presented by officers whose salary was in the nature of a *per diem,* and it only required a verification as to the number of days in which such officer was necessarily engaged in the duties of his office. He was not required by that section to make oath to any of his disbursements made in the discharge of his duties, such as mileage, or other expenditures which he might properly make in the discharge of his duties. The legislature by section 37 of the new act covered the whole ground, and he is now required, before his claim against the county can be audited, to make the same verification as that required of all other persons. He must verify his claim by affidavit, stating that the several items therein mentioned are just and true, "and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid after allowing all just credits." This is a comprehensive act which not only adds new requirements in the verification, but also covers the requirements which had previously existed under the act of 1866.

We therefore hold that the act of 1879 superseded and repealed section 35, ch. 19, Laws 1866, and that section 2461, Rev. St. 1913, from and after the passage of the act of 1879, was without force or effect, and should have been dropped from the statute, and that the case at bar is governed by section 965, Rev. St. 1913. In thus holding, we are harmonizing the law with the construction that has been placed upon it in every county in the state, and are placing the verification of claims against counties in substantial accord with the verification of claims against the state, as provided by chapter 65, Laws 1895, which

verification is the one now in use as to claims of all kinds against the state, for the payment of which warrants are drawn by the auditor on the state treasurer. To hold otherwise would be to compel the counties to require two vouchers from each official of the county whose salary is in the nature of a *per diem;* one for his salary, and the other for his disbursements.

The judgment of the district court is right, and it is

AFFIRMED.

ROSE. J., dissents.

LETTON, J., not sitting.