THOMAS M. WILKINSON, APPELLANT, v. JOSHUA S. LORD, TREASURER, APPELLEE.

FILED SEPTEMBER 25, 1909. No. 16,031.

1. **Constitutional Law**: STATUTES: PRESUMPTIONS. In passing on the validity of the act which provides a four-year course of free high school instruction for pupils residing in districts where that privilege is denied, permits them to attend properly equipped schools in other districts, and makes the home district liable for payment of tuition at the rate of 75 cents a week for each pupil, it will not be assumed without pleading or proof that the tuition fixed by the legislature will fall below or exceed the cost of educating a nonresident pupil.

2. **Schools and School Districts**: TAXATION: CONSTITUTIONAL LAW. In directing the county superintendent of public instruction to furnish the county clerk with the necessary data for a levy, when a school district refuses to vote taxes for free high school purposes, the free high school act of 1907 does not delegate to that school officer a taxing power committed exclusively to school districts under the constitutional provision that "all municipal corporations may be vested with authority to assess and collect taxes." Const., art. IX, sec. 6.

3. **Constitutional Law**: STATUTES: TITLES. A title declaring a legislative purpose to provide a four-year course of free high school instruction for pupils residing in districts where that privilege is denied, is broad enough to cover taxation for the purpose stated and legislation to prevent school districts from defeating the act by refusing to vote taxes.

4. **Statutes**: VALIDITY: CONSTITUTIONAL LAW. The free high school law of 1907 (laws 1907, ch. 121) is an independent act, and its validity must be tested by the rule that changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates are not forbidden by section 11, art. III of the constitution, relating to the amendment of statutes. *De France v. Harmer*, 66 Neb. 14.

APPEAL from the district court for Richardson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*A. E. Gantt* and *Reavis & Reavis,* for appellant.

*R. C. James, contra.*

DEAN, J.

The only question presented in this suit is the constitutionality of the free high school act of 1907. Comp. St. 1907, ch. 79, subd. 6, secs. 5-8*b*; laws 1907, ch. 121. The purpose of the act is to provide a four-year course of instruction at a free high school for the benefit of pupils residing in school districts which do not afford that opportunity. To make the legislative purpose effective, a properly equipped high school in any district in the county is authorized to admit such pupils from other districts in the same county, and the home district is made liable for payment of their tuition at the rate of 75 cents a week for each pupil. All districts liable for tuition are authorized to vote taxes enough to meet the obligations thus incurred, and, if they fail to do so, the school board or county superintendent of public instruction is empowered to furnish the county clerk with the data for a levy which the latter is authorized to make. Plaintiff owns 40 acres of land in school district 42, Richardson county. Three pupils residing therein are entitled to free high school instruction in another district under the provision of the free high school law. On account of their tuition the obligation of their home district is $81, but the tax authorized by the statute was not voted. On information furnished by the county superintendent the county clerk, to raise the sum stated, made a 15-mill levy on all the taxable property in the district containing plaintiff's 40 acres of land. Plaintiff's share of the burden is 75 cents, and he brought this suit to enjoin defendant, as treasurer of Richardson county, from collecting the tax. The suit is also brought on behalf of other taxpayers similarly situated. The district court sustained a demurrer to the petition, held the free high school act valid as against plaintiff's attack, and dismissed the action. Plaintiff appeals.

1. In addition to provisions for educating at any properly equipped high school in the county all duly qualified

pupils residing in districts which have not established a four-year high school course of study, the statute declares: "Every public school district granting free public high school education to nonresident pupils under the provisions of this act shall receive the sum of seventy-five cents for each week's attendance by each nonresident pupil from the public school district in which the parent or guardian of such nonresident pupil maintains his legal residence. Such public school district is hereby made liable for the payment of such tuition." Comp. St., ch. 79, subd. 6, sec. 6. In attacking the statute from which the foregoing excerpt is taken, plaintiff argues that the legislation contravenes the following provisions of the constitution: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, inn-keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates." Const., art. IX, sec. 1. "The legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever." Const., art. IX, sec. 4. "The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uni-

form in respect to persons and property within the jurisdiction of the body imposing the same." Const., art. IX, sec. 6.

Plaintiff's principal objection to the free high school act is that the arbitrary sum of 75 cents a week for the tuition of each nonresident pupil will fall below or exceed the cost of his instruction, and that in either event the enactment contravenes the foregoing constitutional provisions, to the effect that the legislature must adopt a system or revenue under which every person shall pay a tax in proportion to the value of his property; that the legislature shall have no power to release or commute taxes; and that all taxes for municipal purposes shall be uniform in respect to persons and property within the taxing district. Plaintiff reasons that tuition at the fixed rate of 75 cents a week, when excessive, will impose an unlawful burden on the district in which the pupil resides, and that it will impose a like burden on the school district wherein the nonresident pupil is instructed when it falls below the cost of his high school education. Plaintiff therefore concludes that the act cannot be enforced without violating the rule requiring uniformity in the burdens of taxation and forbidding commutation of taxes. In this position plaintiff relies on *High School District v. Lancaster County*, 60 Neb. 147. In that case the court held that the free high school act of 1899 (laws 1899, ch. 62) was void. Under the terms of section 3 thereof, the county was required to pay to certain school districts maintaining high schools tuition at the rate of 75 cents a week for each nonresident pupil. The ground on which the enactment was assailed is stated in the opinion as follows: "It is argued that inasmuch as a taxpayer inside the high school district must, under this act, pay the difference, if any, between the cost of tuition of nonresident pupils and the seventy-five cents per week allowed by section 3 of the act to be paid out of the general fund of the county, and must also pay his proportionate share of the seventy-five cents per week, with the other taxpayers of the county, in

addition to bearing the whole of the expense of educating those pupils resident within the limits of the high school district, the law violates sections 1, 4 and 6 of article IX of the constitution."

What the court decided is stated in two paragraphs of the syllabus as follows:

"1. The constitution of this state requires not only that the valuation of property for taxation, but the rate as well, shall be uniform.

"2. Sections 1 and 3, ch. 62, laws 1899 (Comp. St., ch. 79, subd. 6, secs. 5 and 7), which provide that pupils residing without the limits of high school districts in the state may attend such schools free of charge to them, and that an arbitrary sum shall be paid out of the general fund of the county, as compensation to such high school district for such tuition, which sum may, in any case, fall below, or exceed, the cost of such tuition, contravene sections 1, 4 and 6, article IX of the constitution, which declare, among other things, that the legislature may provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises; that the legislature shall have no power to release or commute taxes; and that all taxes for municipal purposes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

A critical examination of the opinion will show that the constitutionality of the act of 1899 was tested by two assumptions. The first was that 75 cents a week was insufficient to meet the expenses of educating a nonresident pupil. On the fact thus assumed the consequence is stated in the opinion as follows: "It is plain this difference must be made good by levying and collecting taxes on the property of the taxpayers resident in the school district, and this difference cannot be collected from taxpayers of the whole county. Then the taxpayers within the school district will pay a greater proportion of these taxes than

would those residing within the county, but outside the school district, and while the valuation of the property of those within the school district and those without it might be uniform, yet the rate of taxation, for the same purpose, would be higher on the property within than upon that without the school district." The second assumption was that 75 cents a week exceeded the cost of educating a nonresident pupil. On the fact assumed the result is stated in the opinion as follows: "The excess would accrue to the high school districts, and the taxpayers thereof would profit at the expense of those outside the limits of the high school district, and, in either case, the rule of uniformity prescribed in section 6 of said article of the constitution would be violated."

What would have been the effect of the free high school act of 1899, if the court had assumed the legislature was correct in estimating the cost of educating a nonresident pupil at 75 cents a week, is nowhere stated in the opinion. In considering the bearing of the case cited on the present inquiry, it is pertinent to remark that the act of 1907 contains no provision for a county tax, for a county liability, or for drawing money from the county treasury. The unit of taxation is the school district, which is required by law to educate its own pupils, and no provision is made for taxing people in other taxing districts. Plaintiff's petition shows that under the provisions of the existing law all the property in school district 42, Richardson county, was subjected to a 15-mill levy. No burden was imposed except what was necessary to educate three resident pupils at the rate of 75 cents a week for each. If this legislative estimate is accurate, it is perfectly apparent that the taxation authorized does not violate the rule that the valuation of property as well as the rate must be uniform. The burden rests on all property alike within the jurisdiction of the taxing district. This fully meets the constitutional requirement as to uniformity. *Pleuler v. State*, 11 Neb. 547. It is equally clear that, if 75 cents a week is a correct estimate of the cost of educating a

nonresident pupil at a high school, neither the people of the district in which the tax is levied nor the people of the district in which the high school is situated are assessed to pay obligations of another taxing district, and that the rule forbidding commutation of taxes has not been violated. From what has been said it will be observed that *High School District v. Lancaster County*, 60 Neb. 147, is not a precedent for holding the present law invalid, except on the assumption that the legislative estimate of 75 cents a week for educating nonresident pupils is incorrect. On a careful reconsideration of the question we are unwilling to assume without pleading or proof that tuition at the rate of 75 cents a week, as fixed by the present law, will fall below or exceed the expense of educating a nonresident pupil. An enactment of the legislative department of government should not hang in the judicial department by such a slender thread. Legislative acts are presumed to be valid. Burdens imposed by statute are presumed to be reasonable. Courts should never assume that the lawmakers will deliberately attempt to spoliate one community for the benefit of another or pass laws without knowledge of existing conditions. In absence of proof to the contrary, courts ought to assume that the legislature acted with full knowledge of the facts upon which the legislation is based. The burden of proving that a statute contains unlawful or unreasonable terms rests upon those assailing it. The legislature has power to investigate any subject for the purpose of legislation. To ascertain the facts the resources of the government are at its command. It can explore the offices of the executive department and other repositories to ascertain conditions relating to any subject of legislation. For these reasons, the trial court was correct in holding that tuition of 75 cents a week would not, as a matter of law, exceed or fall below the cost of educating a nonresident pupil at a high school.

2. The next point argued by plaintiff is stated in his brief as follows: "The act is void as a delegation of the

taxing power vested in the legislature to the county superintendent, contrary to the express provisions of our state constitution, which limits the grant of such power to none but the corporate authorities of municipal corporations; and school districts come within that designation." By section 3 of the act of 1907 the legal voters at the annual school district meeting are authorized to vote the amount of taxes required for free high school education during the coming year. If they fail to perform that duty, section 4 authorizes the school board to furnish the county clerk with a proper estimate of the necessary revenue. For failure of the school board to perform that duty, the following remedy is created by section 5: "If the district board or board of education of any public school district wherein there are pupils entitled to and desiring free high school education as in this act provided neglect or refuse to make and deliver the required estimate as set forth in section 4 of this act, the county superintendent of the proper county shall make and deliver to the county clerk of each county in which any part of such public school district is situated, not later than the first Monday in August following the annual school district meeting, an itemized estimate of the amount necessary to be expended by such public school district during the ensuing year for free high school education. It shall be the duty of the county clerk to levy such tax on all the taxable property of such school district the same as though such tax had been voted by the annual school district meeting." Laws 1907, ch. 121.

Plaintiff argues the power thus delegated to the county superintendent is a violation of the following provision of the constitution: "The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within

the jurisdiction of the body imposing the same." Const., art. IX, sec. 6. The amount of money to be raised by taxation for high school instruction depends on the number of pupils. The liability of the school district is fixed at 75 cents a week for each pupil. By these provisions the amount to be raised by taxation is definitely fixed by legislation, and depends on facts which the county superintendent by virtue of his office may readily ascertain. He is required to furnish facts, but not to make a levy. In the first instance the legal voters of the district are directed to obtain the necessary information and vote taxes accordingly. If they fail to do so, the school board may make and forward to the county clerk an estimate of the funds necessary for high school education. If both are derelict in the performance of their duties, the right to free high school instruction under the law is not lost, since the legislature has empowered the county superintendent to furnish the county clerk with the necessary data for a levy. When provision is made by law for free high school education, children should not be deprived of that right by the contumacy of electors or officers of a school district. The right of the legislature to provide free instruction includes the power to create a remedy when electors and school officers disregard their obligations to the public. The best results of a free government can only be obtained by an enlightened citizenship. This is recognized by the constitutional provision which requires the legislature to provide "for the free instruction in the common schools of all persons between the ages of five and twenty-one years." This command of the supreme law is not defeated by the provision that "all municipal corporations may be vested with authority to assess and collect taxes." The electors and school board in district 42, Richardson county, cannot within their jurisdiction put an end to the free instruction required by the constitution on the ground that the sole power to levy taxes for school purposes has been committed to them as a "municipal corporation." Judge Cooley expressed him-

self on this subject as follows: "Wherever a system of public instruction is established by law, to be administered by local boards, who levy taxes, build schoolhouses, and employ teachers for the purpose, it can hardly be questioned that the state, in establishing the system, reserves to itself the means of giving it complete effect and full efficiency in every township and district of the state, even though a majority of the people of such township or district, deficient in proper appreciation of its advantages, should refuse to take upon themselves the expense necessary to give them a participation in its benefits. Possibly judicial proceedings might be available in some such cases, where a state law for the levy of local taxes for educational purposes had been disobeyed; but the legislature would be at liberty to choose its own method for compelling the performance of the local duty." 2 Cooley, Taxation (3d ed.), p. 1299. In any event, this court by a long line of decisions, some of which are cited in *Magneau v. City of Fremont*, 30 Neb. 843, is committed to the doctrine that the section of the constitution containing the provision, "all municipal corporations may be vested with authority to assess and collect taxes," is not a limitation on the power of the legislature. It is therefore unnecessary to discuss contrary holdings in other jurisdictions. In declining to adopt plaintiff's interpretation of the constitution on this point, the trial court did not err.

3. Plaintiff's next objection to the act is that it violates the constitutional provision relating to titles of bills. The title in question is: "An act to provide four years of free public high school education for all the youth of this state whose parents or guardians live in public school districts which maintain less than a four-year high school course of study, and to repeal all acts and parts of acts in conflict herewith." Laws 1907, ch. 121. This is challenged as insufficient within the meaning of the following provisions of the constitution: "No bill shall contain more than one subject, and the same shall be clearly expressed

13

in its title." Const., art. III, sec. 11. The operation of the act beyond the scope of the title, as understood by plaintiff, is described in his brief as follows: "It amends considerable of the existing laws. It makes a peculiar process for the raising of revenue not provided for by the title. It provides the farce of the voters of the district to vote on a proposition, and then, as a nullity of the wants or desires of the inhabitants of the district, finally commands the superintendent to impose the taxes without any representation of the taxpayers." The title declares a legislative purpose to provide a four-year course of free high school instruction for the benefit of pupils residing in districts where that advantage is denied. In making provision for free high school education the power of the lawmakers to classify subjects for the purpose of legislation was not exceeded. The legislation relates alone to the class described in the title. Raising funds by taxation was within the purpose announced. The means devised to prevent electors and officers from evading the law was also within the purview of the title. There is no surreptitious legislation anywhere in the act. All provisions in the bill "are comprehended within the objects and purposes of the act as expressed in its title," in compliance with the rule announced in *Affholder v. State,* 51 Neb. 91, and in *Alpherson v. Whalen,* 74 Neb. 680. The trial court so held, and the ruling was correct.

4. When the high school act of 1907 was passed, a statute then in force required each school district to determine the amount of money required for the maintenance of schools during the coming year, and made provision for raising the necessary funds by taxation, but limited the amount to a 25-mill levy. Comp. St. 1907, ch. 79, subd. 2, sec. 11. Plaintiff finally argues the effect of the new act is to increase by amendment the statutory limitation of 25 mills in violation of the constitutional provision that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." Const., art. III, sec. 11.

The point does not appear to be well taken. The later act extends a four-year course of free high school instruction to pupils residing in districts where that privilege was denied. To carry out the purpose of the legislature a new class is created. The law applies alone to pupils within that class. The 25-mill limitation imposed by the former act did not apply to educational facilities applicable to the new class. The present law is on its face an independent act covering the new subject of legislation, and must be tested by the doctrine that "changes or modifications of existing statutes as an incidental result of adopting a new law covering the whole subject to which it relates are not forbidden by section 11, art. III of the constitution." *De France v. Harmer*, 66 Neb. 14; *Eaton v. Eaton*, 66 Neb. 676. The rule invoked by plaintiff is therefore inapplicable, and this case is not controlled by *Board of Education v. Moses*, 51 Neb. 288, wherein the high school act of 1895 was held void.

There being no error in the rulings of the district court, the judgment is

**AFFIRMED.**

ROSE, J., not sitting.