STATE, EX REL. JAMES GROVES ET AL.,
APPELLANTS, v. SCHOOL DISTRICT OF OMAHA
ET AL., APPELLEES.

FILED MAY 5, 1917.  No. 19983.

Schools and School Districts: NONRESIDENT PUPILS: STATUTE. In a proceeding to compel the Omaha school district to admit qualified nonresident pupils to its high school upon payment of the fee provided by statute, *held*, that the school district was not justified in refusing to admit relators where it was not shown that the district was unable to furnish such instruction at the statutory tuition fee, excluding the cost of "constructing or renting additional buildings, hiring extra teachers, or" showing some "other reasonable cause" for such refusal. Rev. St. 1913, sec. 6813, subd. 6.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*E. R. Leigh,* for appellants.

*Carl E. Herring, contra.*

DEAN, J.

In this action the relators, appellants, pray a peremptory writ of mandamus against respondents, to compel the admittance of certain applicants to free high school' privileges in the high schools of the Omaha school district, by

virtue of the provisions of the free high school law.  The school district refused admittance except on payment of $57 a year tuition.  The relators were ready to pay $1 a week tuition, the amount provided by the statute, or $38 a year.  The case involves the constitutionality of the high school law as amended in 1915 (Laws 1915, ch. 119), which provides for attendance of nonresident pupils in the high schools of the state on payment of $1 a week tuition.

Under the provisions of our Constitution relating to equality in taxation, any law imposing an unfair or unequal burden of taxation upon one school district for the benefit of another would be unconstitutional.  This was held in *High School District v. Lancaster County,* 60 Neb. 147.  Afterwards, in *Wilkinson v. Lord,* 85 Neb. 136, we held that the court would not assume without proof that a fee fixed by law was not compensatory.

The law under consideration provides that such school district as may be "unable to furnish accommodations to nonresident pupils, without constructing or renting additional buildings, hiring extra teachers, or other reasonable cause, may refuse admission to any or all such nonresident pupils."  Rev. St. 1913, sec. 6813, subd. 6.  It was evidently the view of the legislature that, since such expenses would be incurred in any event, if no additional expense was imposed upon the receiving district for teacher's wages or for buildings and their upkeep, the sum of $1 a week would cover all additional cost.  The school district is abundantly fortified against imposition by reason of the statutory right that is given to it to deny admittance when its school accommodations and facilities are insufficient to give proper care and attention to its own resident pupils as well as to those seeking admittance from another school district.

· The respondent school district admits that it has at present facilities for additional pupils, and the evidence shows that the statutory fee of $1 is fully compensatory for the additional expense which would be incurred by reason of the proposed attendance of nonresident pupils.

The respondent, therefore, should be required to admit the relators to the privileges of its high schools.

The judgment of the trial court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

REVERSED.

SEDGWICK, J., not sitting.

CORNISH, J., dissenting.

Under democratic institutions, it ought never to happen that one community should be required to bear the burdens of another. Especially is that true where the burden involves taxation, and under a Constitution like ours where its framers undertook to provide every possible safeguard which they thought necessary to secure equality. This question is discussed at length in *High School District v. Lancaster County,* 60 Neb. 147, where Judge Norval came to the conclusion that any attempt at fixing an arbitrary sum which one school district must pay another for educational privileges must fail, because, in the nature of the case, the sum arbitrarily fixed would be either too great or too little, putting an unfair burden on one district or the other, to be raised by taxation. I cannot help but think that this is true. I agree that the opinion is in accordance with the rule laid down in *Wilkinson v. Lord,* 85 Neb. 136, and that the fee is compensatory in the sense urged. The trouble is, its reasoning proves too much. If it is lawful to eliminate overhead expenses, as is done in this case, then the amount which the outlying district might be required to pay might become merely nominal; $5 a year might cover it. Then a situation could arise wherein the community supporting the school would pay by taxation $100 a year per pupil for its own resident pupils and be forced to give to nonresident pupils the same privileges for $5 a year, which, while it would meet the additional expense for the nonresident pupil, would be far less than the actual cost, and less than what I think can be fairly considered as compensatory.

An arbitrary charge should not be forced upon the district. I doubt if there is a high school district in the state not ready and willing to accept additional pupils, when it has room, at a reasonable charge. In the instant case, the evidence shows that the cost per pupil in one school is $77.31 a year; in the other, $119.39. The district offered to take the additional pupils at $57 a year, which was reasonable. Section 6944, Rev. St. 1913, provides a way by which the school districts can agree upon what is fair compensation. This the district in which appellant resides would not consent to, although all of the other districts surrounding Omaha were willing to pay the $57.

Educational privileges are no doubt important to the future welfare of the state, but not more so than the preservation of those principles of equality embodied in the Constitution, or the necessity of abiding by them until the Constitution is changed.