SCHOOL DISTRICT, APPELLEE, v. A. K. WILSON, APPELLANT.

FILED OCTOBER 13, 1917. No. 19093.

1. Schools and School Districts: HIGH SCHOOLS: POLICY OF STATE. It is the established policy of the people of this state through their legislature to furnish free high school education to all the youth of the state without distinction or discrimination.

2. ———: ———: ———. The law requires each county of the state to establish a high school, if necessary, so that all the youth of the county can have free high school privileges. And there is no statute requiring that the parents of children qualified for and entitled to high school privileges shall be required to pay for such privileges for their children.

3. ———: ———: TUITION. If a resident of a school district having no free high school applies under the statute to the county superintendent "for free high school education" in an adjoining district having such high school, and the superintendent upon investigation makes the necessary certificates for that pur-

pose, and the children of school age having such certificates attend such high school without objection or question on the part of the school officials, the law will not imply an agreement on the part of their parents to pay for such privileges. The law will not imply that which the evidence clearly shows did not exist.

APPEAL from the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Reversed and dismissed.*

*J. L. Rice* and *John Stevens*, for appellant.

*Lambe & Butler*, contra.

SEDGWICK, J.

This defendant, while residing in school district, No. 105, in Furnas county, which district had no high school and no facilities for high school education, sent his children of school age to the high school in the adjoining district, No. 15. After they had attended that high school for some time, this action was brought by school district No. 15 to recover $3 a month, which it was alleged "the defendant impliedly and by operation of law agreed to pay the plaintiff for the said school privileges." The plaintiff recovered a judgment in the district court, and the defendant has appealed.

The plaintiff contends that under the provisions of the act of 1907 (Laws 1907, ch. 121) as amended by the act of 1909 (Laws 1909, ch. 122) there is an implied contract on the part of the parents of these children to pay the specified sum of $3 a month for tuition in the plaintiff's high school.

It has continually been the policy of this country to furnish free educational privileges to all children of school age by general taxation without regard to whether the parents or guardians of the children are situated so as to pay any part of such taxes. It is the established policy of the people of this state through their legislature to furnish free high school education to all the youth of the state without distinction or discrimination.

In 1907 the legislature provided for free public high school education. Laws 1907, ch. 121. The title of the act

was: "An act to provide four years of free public high school education for all the youth of this state whose parents or guardians live in public school districts which maintain less than a four-year high school course of study, and to repeal all acts and parts of acts in conflict herewith." And the first section began with these words: "Provision is hereby made for four years of free public high school education for all the youth of this state whose parents or guardians live in public school districts which maintain less than a four-year high school course of study, on the following conditions, to wit." The conditions that follow are quite elaborately set forth and apply generally to all children of the state without regard to location or residence. At the same session of the legislature there was an act (Laws 1907, ch. 122) the object of which, according to the title, was: "To provide for free high school education, to establish and locate county high schools, * * * to levy a tax for the support and maintenance of such county high schools; to provide for a county high school fund and the allowance of claims against such fund." Under this act any county in the state "may establish a county high school on the conditions and in the manner" therein prescribed for the purpose of affording "all grades above the eighth grade." The act provided for submitting the question to the electors of the county as to whether such high school should be established.

In 1913 an act was passed (Laws 1913, ch. 252) entitled: "An act to provide for the organization of county high schools in counties not having a twelfth grade high school." The act provided: "The county board of any county in this state that does not have organized within the borders of such county a twelfth grade high school accredited to the state university, shall be deemed authorized and it shall become their duty" to take steps necessary to provide a board of regents for such high school.

In 1915 an act was passed (Laws 1915, ch. 120) repealing the provisions of the former act in regard to sub-

mitting the question to the voters, and providing: "A county high school shall be established by every county in which there is not now located a twelfth grade high school accredited to the state university in the manner hereinafter prescribed for the purpose of affording better educational facilities for pupils who have advanced beyond the eighth grade."

The title of the act of 1907 declares the purpose of the act, and all other legislation upon this subject keeps that purpose distinctly in view.

The Constitution provides that the subject of legislation must be clearly expressed in the title of the act. The object of this provision is to prevent surreptitious legislation. The people of the state would not expect legislation under this title that would deprive the children of indigent parents of the privilege of free high school education, and the provisions of the act of 1907 were in harmony with the promise held out in the title of the act. If an attempted amendment to this act should so far depart from the subject expressed in the title as to amount to surreptitious legislation, such amendment would be invalid under the constitutional provision. It is seriously contended by the defendant in this case that the amendment of 1909 is unconstitutional and void. This court is so reluctant to declare an act of the legislature unconstitutional that we have concluded that this case can be decided without determining that question.

In *High School District v. Lancaster County*, 60 Neb. 147, the question was raised "whether the fact that under this act the taxpayers of such districts are compelled to pay the whole of the expense of educating pupils resident in such district, and in addition thereto the proportion of the expense of educating nonresident pupils, affects the question of the constitutionality of the act," but it was not found necessary in that case to determine that question. That objection has been obviated in sub-

sequent legislation authorizing and requiring each county of the state to establish a high school, if necessary, so that all the youth of the county can have free high school privileges. An act passed in 1907 (Laws 1907, ch. 122) was entitled an act "to provide for free high school education, to establish and locate county high schools," and provided for a special election at which the voters of the county could determine whether such free high school should be established. In 1913 (Laws 1913, ch. 252) it was enacted that it should be the duty of the county board of any county in this state that does not have organized within the borders of such county a twelfth grade high school, to provide for a board of regents for a county high school, and it also provided that "the county high school herein provided for by law shall be located at the county seat of such county." From these and similar acts it is manifest that the people of the state intended that each county should furnish high school privileges to all the youth of the county where such privileges were not otherwise provided for. Indeed the act so provided in express terms. Rev. St. 1913, sec. 6831. There is no statute that expressly provides that the parents of children qualified for and entitled to high school privileges shall be required to pay for such privileges for their children. Every expression of the legislature upon that subject seems to contemplate that high school privileges shall be free to all the youth of the state. It cannot be said then that there is in this state any law fixing such liability upon the parents.

The question remains for consideration whether, under the conditions shown to exist in this case and the provisions of our statutes, an agreement on the part of this defendant to pay this tuition should be implied. The statute provides: "Every pupil, to be entitled under the provisions of this article to *free public high school education* in the ninth grade of any public school district maintaining such grade, must have a certificate signed by the

county superintendent of the proper county that he has completed the course of study prescribed by the state superintendent for work below the ninth grade as set forth in the first condition of this section and that he is unable to secure ninth grade work in the public school district of his residence." Rev. St. 1913, sec. 6813, subd. 2. And there is the same provision in regard to each grade above the common school grades. The same section (subdivision 6) provides: "Every nonresident pupil attending any public school under the provisions of this article shall have the same rights and shall be subject to the same rules and restrictions which govern resident pupils attending such public school. Any public school district unable to furnish accommodations to nonresident pupils, without constructing or renting additional buildings, hiring extra teachers, or other reasonable cause, may refuse admission to any or all such nonresident pupils." The general provision for nonresident pupils in the common schools provides that the school board "may determine the rates of tuition of the pupils and collect the same in advance, but no tuition shall be charged such children as are or may be by law allowed to attend the school without charge." Rev. St. 1913, sec. 6784. It is admitted in this case that the defendant applied to the county superintendent under the statutes "for free high school education" of his children in the plaintiff district, which was adjoining the district in which the defendant resided, stating in his application "the number of pupils for whom free high school was desired;" and that during the time that these children attended the plaintiff high school they "each had a certificate duly signed by the county superintendent" required by the statute. Section 6831, above cited, after providing that "tuition shall be free to all pupils residing in the county where the school is located," provides for the admission of pupils from without the county "upon the payment of such tuition as the board of regents may prescribe." When these schol-

School District v. Wilson.

ars entered the plaintiff high school with the certificates of the county superintendent, which the statute requires, in their possession, it seems that the plaintiff district did not raise the question whether they were entitled to free tuition, and did not prescribe any terms of tuition, as contemplated by section 6831, in case of students that were not entitled to free tuition. They did not pursue the course pointed out in the statute in case of the common schools in general as indicated in section 6784. Under that section it is required that the board determine the rates of tuition and collect the same in advance, and ordinarily, if that was not done, it might be because of the further provision of that section that "no tuition shall be charged such children as are or may be by law allowed to attend the school without charge."

The law in many cases implies a contract to pay for services received, but not in cases where, as in this case, it is doubtful whether the party claiming compensation is entitled thereto from the party with whom he deals, and where the existing conditions and the conduct of the parties are entirely inconsistent with the existence of such a contract. The defendant claimed that he was entitled to free high school privileges for his children. That was what he expressly applied for, and the school district took no such action as the statute contemplates in case the party applying was not entitled to such free tuition; and so, instead of an implication of an agreement to pay, it clearly appears that no such payment was contemplated by the defendant, as the school officials and all parties knew. The law will not imply that which the evidence clearly shows did not exist. We do not think that the defendant is liable for the payment of tuition. The case was submitted to the trial court upon a stipulation. There is no disputed fact.

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.

LETTON and ROSE, JJ., not sitting.