STATE, EX REL. FRANK E. BALDWIN, APPELLANT, V. JAMES DORSEY ET AL., APPELLEES.

FILED MARCH 28, 1922. No. 21910.

1. **Schools and School Districts:** HIGH SCHOOLS: NONRESIDENT PUPIL: TUITION. Where a high school district receives a pupil from a school district which maintains a nine-months' school, but maintains no high school grades, the receiving district, under chapter 153, Laws 1919, is entitled to receive $1.50 from the sending district for each week's attendance by such nonresident pupil.

2. ———: ———: ———: ———. Where a high school district receives a pupil from a school district, which is authorized under the law to send a pupil to such high school district, and the sending district, pursuant to chapter 153, Laws 1919, has become liable to the receiving district for the tuition of such pupil, neither the parent nor guardian of such pupil can be compelled to pay the receiving district for the school privileges granted to such pupil.

3. ———: SCHOOL LAWS: CONSTRUCTION. The public school laws are to be liberally construed so that all persons of school age, without distinction and without discrimination, may enjoy public school privileges.

APPEAL from the district court for Thayer county: RALPH D. BROWN, JUDGE. *Reversed, and writ allowed.*

*Charles H. Sloan, Frank W. Sloan* and *Thomas J. Keenan,* for appellant.

*J. T. McCuistion* and *J. P. Baldwin, contra.*

Heard before LETTON, DEAN and DAY, JJ., BEGLEY and
HOSTETLER, District Judges.

DEAN, J.

This is a suit in mandamus brought by Frank E. Bald-
win, relator.  The respondents are the superintendent and
the members of the board of education of the school dis-
trict of Hebron in Thayer county.  The Hebron school dis-
trict maintains a 12-grade high school.  Relator prayed
for a peremptory writ commanding the respondents forth-
with to permit his minor son, Dan Baldwin, to attend the
Hebron high school without any charge except the statu-
tory $1.50 a week which the high school district was then
entitled to receive from school district No. 73, wherein
relator maintains a legal residence and wherein a levy
was made to meet the tuition fee.  District No. 73 main-
tains a nine-months' school, but it has no high school
grades.   On the final hearing the temporary injunction
theretofore allowed was dissolved, the suit was dismissed
and relator's motion for a new trial was overruled.  There-
upon he entered into an appeal undertaking, the judgment
was superseded and relator has brought the case here for
review.

The county superintendent of Thayer county, pursuant
to chapter 152, Laws 1919, issued a certificate stating that
relator's son was entitled  to  free high school tuition.
Upon presenting the certificate to respondents, Dan Bald·
win was admitted to the school as a pupil and for a time
he enjoyed the school privileges . there afforded.  After-
wards an additional sum of $1.50 a week, over the amount
allowed by statute, was demanded of relator by respon-
dents.  Upon relator's refusal to comply with the demand
his son was denied further high school privileges and this
suit followed.

The suit comes under the provisions of sections 6813,
6814, Rev. St. 1913, as respectively amended by chapters
152, 153, Laws 1919.  Chapter 152, Laws 1919, *inter alia,*
provides:  "Any public school district unable to furnish

accommodations to nonresident pupils, without construct-ting or renting additional buildings, hiring extra teach-ers, or for other reasonable cause, may refuse admission to any or all such nonresident pupils." Chapter 153, Laws 1919, *inter alia,* provides: "Every public school district granting free public high school education to nonresident pupils under the provisions of this act shall receive the sum of one dollar and fifty cents for each week's at-tendance by each nonresident pupil from the public school district in which the parent or guardian of such nonresi-dent pupil maintains his legal residence, at the time the application is made, and such public school district is hereby made liable for the payment of such tuition."

The foregoing sections of the high school law are so clear that they are not susceptible of strained construc-tion. Chapter 152 plainly provides that, if certain condi-tions obtain within the district (describing them), such school district may refuse admission to any or all non-resident pupils. Chapter 153 just as plainly provides that, if free public high school education is granted to nonresi-dent pupils, the high school district shall receive for each pupil $1.50 a week to be paid by the school district of the parent's or guardian's legal residence.

From time to time the legislature, evidently to meet changed conditions, has changed the tuition charge, and always on a rising scale, which may be made by the re-ceiving district against the sending district. In 1907 the charge was 75 cents a week. Laws 1907, ch. 121. In 1915 it was raised to $1 a week. Laws 1915, ch. 119. Subse-quently it was raised to $1.50 a week. Laws 1919, ch. 153. In 1921 the tuition fee was again raised to $3 a week. Laws 1921, ch. 50. The latter act, however, has no appli-cation here because it did not become effective until after this suit was commenced.

Respondents have not pointed out any statute, appli-cable to the facts herein, which provides that high school districts may charge and receive more than the amount

fixed by the legislature, and we know of none. In *State v. School District*, 101 Neb. 263, there is an observation which is applicable to the present case. It is there said: "The school district is abundantly fortified against imposition by reason of the statutory right that is given to it to deny admittance when its school accommodations and facilities are insufficient to give proper care and attention to its own resident pupils as well as to those seeking admittance from another school district."

A review of the legislation of this state in respect of the public school system shows that the legislature jealously guards its supervision to the end that the constitutional provision for free instruction in the public schools shall in all respects be fulfilled. Const. art. VIII, sec. 6. With this purpose in mind the legislature has prescribed a course of study for the first eight grades, and for the high school grades it has provided that a high school manual shall be issued jointly by the University of Nebraska and the state superintendent. Laws 1919, ch. 152.

In the case before us the evidence of some of the teachers discloses that the high school course at the Hebron school included several subjects which were not embraced in nor required by the high school manual, and hence it was not required that such subjects be taught in the high school in order to qualify it to accept pupils and to receive the statutory tuition fees from the school districts from which they were sent. It follows that a high school district that receives nonresident pupils from another school district, and which adds subjects or courses of study which are not required by the high school manual, may not for that reason require the sending school district to pay tuition fees for its high school privileges in excess of the tuition fee fixed by the legislature. Neither the parent nor the guardian of a nonresident pupil, under the facts in the present case, can be required to pay a tuition fee to a receiving school district.

The decisions of this court uniformly disclose that the

school laws have been liberally construed so that all persons of school age without distinction and without discrimination may enjoy public school privileges. *Martins v. School District,* 101 Neb. 258; *State v. School District,* 101 Neb. 263; *School District v. Wilson,* 101 Neb. 683; *Meyer v. State,* 107 Neb. 657. We are not in agreement with respondents' contention that the amendments of 1919 in question here are unconstitutional. *Wilkinson v. Lord,* 85 Neb. 136; *State v. School District,* 101 Neb. 263; *School District v. Wilson,* 101 Neb. 683. The holding is that, under the facts herein, and the school law, as construed in the former decisions of this court, relator's son is entitled to attend the Hebron high school and to enjoy its privileges in all respects the same as the children of parents who are lawful residents in the district.

The judgment of the district court must be, and it hereby is, reversed and the relief prayed for by relator is allowed.

REVERSED, AND WRIT ALLOWED.