ALFRED SCHUTTE, FATHER AND NEXT FRIEND OF GARY SCHUTTE, A MINOR, APPELLANT, V. FREEMAN DECKER, COMMISSIONER OF EDUCATION AND SUPERINTENDENT OF PUBLIC INSTRUCTION, ET AL., APPELLEES.

83 N. W. 2d 69

Filed May 10, 1957. No. 34121.

*Stiner & Boslaugh* and *James W. Hewitt,* for appellant.

*Clarence S. Beck,* Attorney General, *Gerald S. Vitamvas,* and *Howard S. Foe,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is an action brought in the district court for

Lancaster County by Alfred Schutte as father and next friend of Gary Schutte, a minor, handicapped child who is educable, against Freeman Decker, Commissioner of Education and Superintendent of Public Instruction for the State of Nebraska, Consolidated School District No. 90, Webster County, and the members of the school board of school district No. 90. The purpose of the action was to obtain a declaratory judgment construing sections 79-490, R. S. Supp., 1955, and 43-607, R. R. S. 1943, and to determine whether or not the plaintiff was entitled to recover certain transportation expenses. The defendant Decker moved to dismiss the plaintiff's action, and the defendant school board demurred to the plaintiff's petition. The trial court, as well as the parties, considered the motion to dismiss by Decker as a demurrer. The trial court sustained the motion to dismiss and the demurrer of the school board, and dismissed the plaintiff's action. The plaintiff filed a motion for new trial. From the order overruling the motion for new trial, the plaintiff appeals.

For convenience we will refer to the parties as designated in the district court; to Freeman Decker, Commissioner of Education and Superintendent of Public Instruction, as Decker; to the Consolidated School District No. 90 as school district; and to the members of the school board of district No. 90 as the school board.

The plaintiff's petition, after identifying the parties, alleged in substance that the school district had no facilities, instructors, or equipment for the education of physically and mentally handicapped children as provided for in section 43-606, R. R. S. 1943; that Hastings, Nebraska, located approximately 35 miles from the school district, had the closest available school for the education and training for handicapped children as defined in section 43-604, R. R. S. 1943, as amended in 1953; that Gary Schutte was educable and qualified for instruction as provided by the laws of Nebraska; that Decker, under section 79-306, R. R. S. 1943, instructed

the school board to refuse to allow transportation costs of Gary Schutte to Hastings; that Decker, in his official capacity, instructed the plaintiff that it was his order and opinion that the laws of Nebraska did not provide for such transportation and he so instructed the school district and the school board, and consequently the school district refused to furnish transportation costs for Gary Schutte to Hastings for educational training, Hastings being located outside the school district; that sections 43-604 to 43-611, R. R. S. 1943, provide for compulsory education of educable children and make provisions for the care and expenses of such education, and section 79-490, R. S. Supp., 1955, provides for transportation outside of said school district; that Decker had ruled that the foregoing sections did not provide for transportation or costs for the said Gary Schutte and had therefore denied such costs for the benefit of Gary Schutte; and that transportation is necessarily included as a part of the educational opportunities and the school board was compelled to furnish it under the statutes heretofore set out.

The only question to be determined in this appeal is whether or not a school district of this state which sends a handicapped child to a special school outside the school district is liable for transportation expenses of such child.

The plaintiff sets forth four assignments of error which may be stated as one, namely, that the judgment of the trial court was contrary to law.

In this connection, the plaintiff argues that this court has recognized the intent of the Legislature regarding privileges of the public schools in State ex rel. Baldwin v. Dorsey, 108 Neb. 134, 187 N. W. 879, as follows: "The decisions of this court uniformly disclose that the school laws have been liberally construed so that all persons of school age without distinction and without discrimination may enjoy public school privileges." It is claimed that the statutes here involved must be

viewed in the light of this pronouncement.

The plaintiff further argues that section 79-490, R. S. Supp., 1955, having to do with pupils, transportation allowance, payment, and when authorized, provides: "When no other means of free transportation is provided to a child attending an elementary school, an allowance for transportation shall be made to the family of such child by the district in which such family resides on the basis of the record of attendance of such child and the number of miles that the child needs to travel, in one round trip each school day, to and from such school as follows: (1) Where a child attends school in his own district and lives more than three miles from the public schoolhouse therein, there shall be paid ten cents per half mile for each one half of a mile or fraction thereof by which the distance of the residence of such child from the schoolhouse exceeds three miles; and (2) where the child is required to attend an elementary school outside of his own district there shall be paid ten cents per half mile for each one half mile or fraction thereof for the distance that the school in the other district is in excess of the distance from the school of his residence. The number of days the child has attended school shall be reported monthly by the teacher to the school board of such public school district; Provided, not more than one allowance shall be made to a family irrespective of the number of children in a family being transported to school. No pupil shall be exempt from school attendance on account of distance from the public schoolhouse."

The plaintiff contends that the foregoing statute covers the instant case in its entirety, for the reason that Gary Schutte was required to attend public elementary school outside the district in which he lived; that the district in which he lived did not furnish the proper facilities for his education; and that the claim of the plaintiff for the payment of transportation of Gary Schutte outside of the school district in which he lived was re-

fused by the local school district and Decker illegally.

The provisions for the education of handicapped children are contained in an independent act under the heading of "Care and Education of Physically Handicapped Children," namely, Chapter 43, article 6, originally passed by the Legislature in 1941, and is hereinafter referred to as the act. This is a special act and deals exclusively and fully with the education of physically handicapped children.

Section 43-607, R. R. S. 1943, provides: "The board of education or board of trustees shall furnish one of the following types of education to the handicapped children who are residents of the school district: (1) Pay the tuition in any district for those handicapped children who are forced to leave the school district temporarily because of treatment, care, or supervision. (2) Provide transportation for those handicapped children within the school district who are physically able to take care of themselves in the regular school, if transportation is provided. (3) Provide visiting teachers for the homebound handicapped child, such teachers to be certified and qualified in the same manner as required for other teachers in Nebraska. (4) Provide correspondence instruction approved by the Superintendent of Public Instruction. (5) Provide any other method of instruction approved by the Superintendent of Public Instruction."

The plaintiff contends that section 43-607, R. R. S. 1943, as above set out, is confusing, therefore it becomes necessary to investigate the legislative intent behind the school laws and to view all of such laws as an integrated whole, so that some sort of orderly scheme may emerge, citing Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409, as follows: "In construing a statute of doubtful meaning courts may consider all statutes on the same subject." See, also, In re Estate of Robinson, 138 Neb. 101, 292 N. W. 48.

The plaintiff further contends that in the light of the

foregoing, if all the laws pertaining to schools and school attendance in Nebraska are to be construed together, the general school laws must be considered along with the provisions relating only to handicapped children; that the provisions relating to handicapped children are merely an adjunct to the general school laws and serve to provide benefits which in some respects supplement the general laws and in some respects replace them; that if the general and special school laws are construed together, it is of no moment that section 43-607, R. R. S. 1943, contains no definite provisions for the payment of transportation of handicapped children going outside the district to attend special schools, because section 79-490, R. S. Supp., 1955, makes provision for the payment of transportation of any child attending an elementary school outside his district; and that no provisos are inserted to qualify the language of this section.

The plaintiff states that all of the sections which were forerunners of section 79-490, R. S. Supp., 1955, contain language to the effect that the act requiring compulsory attendance should not apply to those cases where the child was handicapped and thus incapable of regular school work. But in 1949, in the general revision and codification of the Nebraska school laws, this qualifying language was removed from what is now section 79-490, R. S. Supp., 1955, and section 79-202, R. S. Supp., 1955, is now the only section in the general school laws containing such language.

Section 79-201, R. S. Supp., 1955, relates to compulsory education and the minimum attendance required, and provides in part: "Every person residing in a school district within the State of Nebraska who has legal or actual charge or control of any child, not less than seven nor more than sixteen years of age, shall cause such child to attend regularly the public, private, denominational, or parochial day school for a period of

\* \* \*." Then the days of attendance are set forth, among other things.

Section 79-202, R. S. Supp., 1955, provides: "Section 79-201 shall not apply where the child is physically or mentally incapacitated for the work done in the school, or in any case where the services or earnings of a child, who is fourteen years or more of age, are necessary for his own support or the support of those actually dependent upon him, or when illness or severe weather conditions make attendance impossible or impracticable."

Therefore, the plaintiff asserts, if a student is educable and is attending school, it would appear that section 79-202, R. S. Supp., 1955, would not apply.

Section 79-203, R. R. S. 1943, provides: "In case exemption is claimed on account of mental or physical incapacity, the school board shall have the right to employ a physician or a person skilled in mental diagnosis, who shall examine such child and, if such physician or person skilled in mental diagnosis shall declare that such child is capable of undertaking the work of the schools, then such child shall not be exempt from the requirements of section 79-201."

The plaintiff asserts that the demurrer of the parties admitted that Gary Schutte is educable, therefore he is considered to be subject to compulsory school attendance and governed by the provisions of section 79-201, R. S. Supp., 1955; that the general school laws are applicable to him; and that in considering section 79-203, R. R. S. 1943, it makes no mention of the sort of school a handicapped child must attend but merely states that if a child is capable of undertaking the work of the schools he is subject to compulsory education.

The plaintiff further asserts that what is now section 79-490, R. S. Supp., 1955, was amended in 1949 to apply to all students, the proviso about handicapped children being removed at that time; that the change in the section indicates that the Legislature desired every possible advantage to be accorded to handicapped children

and intended to change the status of handicapped children; and that in such a situation the following is applicable.

In Ledwith v. Bankers Life Ins. Co., *supra,* this court said: "The change in the phraseology of an amendatory statute raises a presumption that a departure from the old law was intended. The Legislature is presumed to know language used in a statute and if a subsequent act on the same or similar subject uses different terms in the same connection the court must presume that a change in the law was intended. Likewise the omission of a word in an amendment of a statute will be assumed to be intentional and for a purpose. Where it is apparent that a substantive portion of a statute has been omitted from an amendment thereof courts have no authority to supply the omission. That would be judicial legislation. The statute should be effectuated as its language warrants."

In School District No. 42 v. Marshall, 160 Neb. 832, 71 N. W. 2d 549, this court said: "We have held that in construing a statute to determine the legislative intent a court may consider the history of its passage, the amendments offered, and action taken by the Legislature thereon." See, also, Placek v. Edstrom, 148 Neb. 79, 26 N. W. 2d 489, 174 A. L. R. 856.

We have no doubt of the applicability of the rules stated in the cited cases as they apply to the issues raised therein, however, we believe that they have no applicability to the issue presented in this appeal and the statutes applicable thereto.

The plaintiff concludes, what could be more natural than for the Legislature, having earlier passed legislation specifically designed to provide educational opportunities for handicapped children, to carefully examine the general school laws and amend them so that the general and specific laws meshed into and formed an integrated pattern for the protection of the handicapped?

We are in accord with the plaintiff that the Legislature

sought to provide educational opportunities to handicapped children at least equivalent to other children attending school. However, we are not in accord with the plaintiff's contention that section 79-490, R. S. Supp., 1955, and other sections of the statutes cited by the plaintiff apply to the instant case for reasons hereafter stated. This court is committed to the following rules in construing statutes.

In construing a statute the legislative intent is to be gathered from the necessity or reason for its enactment, and its several provisions should be construed together, in the light of the general objects and purposes of the act, so as to give effect to the main intent. See Anstine v. State, 137 Neb. 148, 288 N. W. 525.

Where words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning, and no court can read a meaning into a statute that is not warranted by the legislative language, nor can it read the plain, direct, and unambiguous language out of the statute, but words must be given their ordinary meaning and, if possible, the entire statute applied. See Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833.

"Where the language of a statute is plain and unambiguous there is no occasion for construction, and the statute must be given effect according to its plain and obvious meaning." Montgomery v. Blazek, 161 Neb. 349, 73 N. W. 2d 402.

Applying these rules to the statutes involved in this appeal, we believe the following to be applicable.

We have heretofore set forth section 43-607, R. R. S. 1943, containing the types of education to be furnished handicapped children. Subdivision (1) under this section we believe to be the only one applicable to the instant case. It applies to the payment of tuition in any district for those handicapped children who are forced to leave the school district temporarily because of treatment, care, or supervision. Subdivision (2) under sec-

tion 43-607, R. R. S. 1943, relates to transportation for those handicapped children within the school district who are physically able to take care of themselves in the regular school if transportation is provided. We need not specifically concern ourselves with the other matters set forth in said section.

The obligations of the school district are specifically set out in section 43-607, R. R. S. 1943, and section 43-609, R. S. Supp., 1955. The latter section provides as follows: "The school board of a school district, wherein handicapped children reside, shall include in its annual budget for each child not less than the regular per pupil cost in the school of the district. When an amount equal to the regular per pupil cost has been spent for the education and care of the handicapped child, the school district qualifies for excess cost reimbursement payable by the state; Provided, that the education and care shall have been secured within the State of Nebraska. This excess cost reimbursement is made to the local school district for the education of both physically handicapped and educable mentally handicapped children. The excess costs, payable by the state for the education and care of these children, shall be determined by the State Board of Education; Provided, that the amount of state funds for the education and care of these children shall not exceed the following amounts per annum: (1) Physically handicapped children, four hundred dollars per pupil, and (2) educable mentally handicapped children, two hundred dollars per pupil."

This section clearly discloses the intention of the Legislature to be that such a handicapped child should have spent on him by the school district an equal amount with other children. If it had been intended that the school district should stand all of the expense of such child's education or all of the expenses in excess of the $400 provided by the state, obviously it would have so stated. In any event, the Legislature has defined the limit and extent of the school district's and state's

liability for the education of such children. If the Legislature intended the expense of transportation or a temporary residence should be paid for by the district or the state, it would have so provided in certain and definite language as it did for the education of deaf-blind children. See § 43-601, R. R. S. 1943. What the Legislature intended to do was to limit the transportation of handicapped children to the confines of the local school district.

Section 79-490, R. S. Supp., 1955, merely provides for transportation in certain cases where a pupil has transferred to a school outside of his district. This section was first passed by the Legislature in 1927, and the law for the education of handicapped children was passed in 1941. It is obvious that the two sections are separate and distinct in application and meaning. Section 79-490, R. S. Supp., 1955, was last amended in 1955, but still no provision was made for the transportation of handicapped children. If the Legislature had seen fit to do so, it would have included such a provision.

It will be noted that in cases where there is a transfer from one school district to another, the local school board has some rights in the matter and may decide under what conditions a pupil may attend a school outside the district of his residence. With reference to a handicapped child, the school district of his residence is not privileged, nor has it the right, to select his school nor the type of education to be furnished him.

When a school board such as the one that comprises consolidated district No. 90 has complied with section 43-609, R. S. Supp., 1955, it has met its obligations, and there is no obligation or funds available for the payment of transportation for a handicapped child such as Gary Schutte in the instant case. When the state has paid out the $400 as set forth in said section of the statute it has met its obligation.

The act heretofore referred to, relating to the education of handicapped children, is an independent act

dealing exclusively and fully with the education of physically handicapped children and is the only act pertinent to the issue raised in the instant case and governs such issue. We hold that school district No. 90, Webster County, and the school board of such district are not liable for transportation expenses of Gary Schutte, a physically handicapped child, for attendance at a special school outside of said school district.

We conclude that the trial court did not err in sustaining defendant Decker's motion to dismiss and in sustaining the other defendants' demurrer, and its judgment in so doing should be, and is hereby, affirmed.

AFFIRMED.