HIGH SCHOOL DISTRICT No. 137, HAVELOCK, NEBRASKA,
v. LANCASTER COUNTY, NEBRASKA.

FILED APRIL 18, 1900.   No. 11,165.

1. **Taxation:** CONSTITUTION: VALUATION: RATE. The constitution
of this state requires not only that the valuation of property
for taxation, but the rate as well, shall be uniform.

2. **High School:** STATUTE: NON-RESIDENT PUPILS: TUITION: ARBI-
-TRARY SUM. Sections 1 and 3, chapter 62, Session Laws, 1899
(Compiled Statutes, ch. 79, subdiv. 6, secs. 5 and 7), which pro-
vide that pupils residing without the limits of high school
districts in the state may attend such schools free of charge
to them, and that an arbitrary sum shall be paid out of the
general fund of the county, as compensation to such high
school district for such tuition, which sum may, in any case,
fall below, or exceed, the cost of such tuition, contravene sec-
tions 1, 4 and 6, article 9, of the constitution, which declare,
among other things, that the legislature may provide such
revenue as may be needful, by levying a tax by valuation, so that
every person and corporation shall pay a tax in proportion to
the value of his, her or its property and franchises; that the

legislature shall have no power to release or commute taxes; and that all taxes for municipal purposes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

ERROR to the district court for Lancaster county. Tried below before CORNISH, J. *Affirmed.*

*C. W. Corey* and *Robert Ryan,* for plaintiff in error:

It was said in *Pleuler v. State,* 11 Nebr., 547: "To justify a court in pronouncing an act of the legislature unconstitutional, it must be clear and free from reasonable doubt that it is so—not a doubtful and argumentative implication. Or, in other words, a statute should not be held invalid unless it is clearly forbidden by the paramount law. Such substantially has been the holding of all courts speaking upon this subject. *Cooper v. Telfair,* 4 Dallas [U. S.], 14; *Sharpless v. The Mayor,* 21 Pa., 147; *Adams v. Howe,* 14 Mass., 340; *City of Lexington v. McQuillan,* 9 Dana [Ky.], 513; *Santo v. State,* 2 Ia., 165; *State v. County Judge,* 2 Ia., 280; *Fisher v. McGirr,* 1 Gray [Mass.], 1; *Scars v. Cottrell,* 5 Mich, 251; *Tyler v. People,* 8 Mich., 333; *Hill v. Higdon,* 5 Ohio St., 243." This doctrine was reiterated afterward by this court in *In re Creighton,* 12 Nebr., 280, and in *Van Horn v. State,* 46 Nebr., 62, was clearly recognized.

*T. C. Munger* and *J. L. Caldwell, contra:*

The act of 1899 violates section 1, article 9, and section 4, article 9, and section 6, article 9, of the constitution. This court has often declared that taxes shall be levied with uniformity and equality. *Clother v. Maher,* 15 Nebr., 1; *Turner v. Althaus,* 6 Nebr., 54; 25 Am. & Eng. Ency. Law, 60.

This court has also often declared that no exemption from taxation can be tolerated. *State v. Poynter,* 59 Nebr., 417; *State v. Graham,* 17 Nebr., 43; *Union P. R. v. Saunders County,* 7 Nebr., 228; *O'Kane v. Treat,* 25 Ill., 557; *Dyar v. Farmington,* 70 Me., 515; *Fletcher v. Oliver,* 25 Ark.,

289; *Gunnison v. Owen,* 7 Colo., 467; *Sanborn v. Rice,* 9 Minn., 258; *Wells v. Weston,* 22 Mo., 384.

But the constitution of Nebraska, article 9, section 6, allows municipal corporations to assess and collect taxes for corporate purposes. This is a restriction of the power of a municipal corporation, such as a county, to collect taxes for any other than corporate purposes. This is the general doctrine when the constitution does not so expressly provide. Cooley, Taxation [2d ed.], pp. 689-692.

Our constitution is adopted in this clause from the constitution of Illinois, and we adopt the construction placed on this clause by that state. *Magneau v. City of Fremont,* 30 Nebr., 843; *City of York v. Chicago, B. & Q. R. Co.,* 56 Nebr., 572.

And in Illinois the same clause is held to be a limitation restricting the taxation to proper corporate purposes. *Harward v. St. Clair,* 51 Ill., 130 (1869); *Primm v. Belleville,* 59 Ill., 142; *Sleight v. People,* 74 Ill., 47; *People v. Trustees,* 78 Ill., 136.

In *Town of Belle Point v. Pence,* 17 S. W. Rep. [Ky.], 197, the Kentucky court held that a law authorizing children outside of a school district to attend it free of tuition, was violative of the constitution of that state. Similar cases involving the same principle that laws are invalid when imposing taxation or a public burden which is not for corporate purposes are given below; as allowing a city to pay for improving a city harbor; granting aid to a state normal school out of local school funds; imposing the cost of a county court house on certain townships in the county; requiring a county to pay for a bridge for a city within it, or a county to pay for an armory for state militia, and other similar illustrations. *Hasbrouck v. Milwaukee,* 13 Wis., 37; *State v. Haben,* 22 Wis., 660; *People v. Ulster,* 94 N. Y., 263; *In the Matter of Lands,* 60 N. Y., 398; *Simon v. Northup,* 40 Pac., 560; *Hubbard v. Fitzsimmons,* 57 Ohio St., 436; *Farris v. Vannier,* 6 Dak., 186; *Wells v. Weston,* 22 Mo., 384.

*C. W. Corey* and *Robert Ryan*, in reply:

The power of apportionment is included in the power to impose taxes and is vested in the legislature; and, in the absence of any constitutional restraint, the exercise by it of such power of apportionment can not be reviewed by the courts. *People v. Mayor of Brooklyn*, 4 Comst. [N. Y.], 419. The constitutions of some of our sister states contain special provisions designed to guard against an inequitable exercise of this power and to secure equality in the distribution of the public burdens. A violation of any such provisions would undoubtedly be cognizable by the courts. But in this state such restraints have not been deemed necessary and the people have been content to leave the wisdom and justice of the legislature, unrestrained by specific regulations, the subject of determining how the public burdens shall be apportioned among them. *Providence Bank v. Billings*, 4 Peters [U. S.], 513, 561, 563; *Thomas v. Leland*, 24 Wend. [N. Y.], 65; *Town of Guilford v. Supervisors of Chenango*, 13 N. Y., 143 *Bank of Rome v. Village of Rome*, 18 N. Y., 38; *Brewster v. City of Syracuse*, 19 N. Y., 116.

*A. G. Greenlee* also appeared for plaintiff in error.

NORVAL, C. J.

This suit was brought in the district court of Lancaster county to test the constitutionality of sections 1 and 3, chapter 62, of an act of the legislature approved April 1, 1899, entitled, "An act to provide free attendance at public high schools of non-resident pupils; to provide for the expense thereof, and to amend section 3 of subdivision 6, sections 2 and 7 of subdivision 14, and 2 of subdivision 17, chapter 79, Compiled Statutes of Nebraska for 1897, and to repeal said original sections now existing," Session Laws 1899, ch. 62; Compiled Statutes, ch. 79, subdivision 6. The sections mentioned are as follows:

"Sec. 1. That all regularly organized public high

schools determined by the state superintendent of public instruction to be properly equipped as to teachers, appliances, and course of study, shall hereafter be open to attendance by any person of school age residing outside of the district, resident of the state, whose education can not profitably be carried further in the public school of the district of his residence; *Provided,* * * * that said pupil has completed the common school course prescribed by the state superintendent for work below the high school; *Provided,* further, such non-resident pupils shall be subject in all respects to the same rules and restrictions as those which govern resident pupils attending such high·school, and attend the nearest high school of approved grade, or any high school of approved grade in the county of their residence; *Provided,* further, when any high school shall be unable to furnish accommodations to non-residents without constructing or renting additional buildings, the board of education may refuse admission to such pupils.

"Sec. 3. The school board of each school district of this state whose high school is attended by pupils under the provisions of this act, shall, at the close of each school year, report in such form as the state superintendent may prescribe, to the county board of each county in which such pupils are residents, the number of pupils attending such high school from said county and the length of time of attendance of each pupil in weeks as hereinafter specified, and said county board shall, at the first regular meeting after the filing of such report, allow said district the sum of seventy-five cents for each pupil reported for each week during any part of which said pupil shall have been in attendance, and order a warrant drawn on the general fund of said county in favor of said school board for such sum, and the teacher's register shall be *prima facie* evidence of attendance of pupils set forth in such claim."

Under this act, High School District No. 137, of Havelock, Nebraska, filed a petition in the district court of Lancaster county, on appeal from the disallowance of its

claim against the county for tuition for pupils attending its high school, resident within said county, but outside said high school district. To this petition a general demurrer was sustained, and, the plaintiff electing to stand on its petition, the action was dismissed, and it comes to this court on error.

It is argued that inasmuch as a taxpayer inside the high school district must, under this act, pay the difference, if any, between the cost of tuition of non-resident pupils and the seventy-five cents per week allowed by section 3 of the act to be paid out of the general fund of the county, and must also pay his proportionate share of the seventy-five cents per week, with the other taxpayers of the county, in addition to bearing the whole of the expense of educating those pupils resident within the limits of the high school district, the law violates section 1, 4 and 6 of article 9 of the constitution. Said sections are as follows:

"Sec. 1. The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, inn-keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates.

"Sec. 4. The legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever.

"Sec. 6. The legislature may vest the corporate author-

ities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property, benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

Before entering at large upon the discussion of the questions presented by the record, we would say that it does not appear to the court that the constitutional objections urged against this act are in any wise mitigated by the provision in section 3 thereof which grants to the school district, as compensation for the tuition of such non-resident pupils, the fixed and arbitrary sum therein named. Such sum may fall below, or exceed, the cost of such tuition, and is therefore not a factor tending to mitigate or off-set any objections that are raised in the case. So far as it affects the question, the act may have as well provided that such tuition might be without cost to a taxpayer resident outside such school districts. An act providing that non-resident pupils should be taught free of cost to taxpayers outside the limits of the district would, in our opinion, violate section 4 of article 9 of the constitution, for it would, in effect, release from their proportionate share of the taxes necessary to pay the cost of tuition of such non-resident pupils all portions of the county lying outside the limits of such high school district, and would be taxing one portion of a county for the benefit of another portion. *Town of Belle Point v. Pence,* 17 S. W. Rep. [Ky.], 197.

We will now discuss the constitutional questions thus involved, keeping in view the oft repeated principle of this court that the judiciary will not declare an act of the legislature unconstitutional unless it is clear that such act is inhibited by the fundamental law. *State v. Poynter,* 59 Nebr., 417, and cases cited. It will be observed that section 1 of the constitution, quoted, prescribes among other things, substantially, that the legislature shall provide

such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, etc. Section 6 provides, substantially, that, for all corporate purposes, except certain ones therein enumerated, all municipal corporations may be invested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same; and section 4 prohibits the legislature from releasing or discharging any county, city, township, town or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of the taxes to be levied for state purposes, or due any municipal corporation, and from commuting any such taxes, in any form whatever. For the purposes of this case, assume that the seventy-five cents per week allowed to be collected by the act, from the county generally, be insufficient to meet the expenses of educating the non-resident pupils in a given high school district, it is plain this difference must be made good by levying and collecting taxes on the property of the taxpayers resident in the school district, and this difference can not be collected from taxpayers of the whole county. Then the taxpayers within the school district will pay a greater proportion of these taxes than would those residing within the county, but outside the school district, and while the valuation of the property of those within the school district and those without it might be uniform, yet the rate of taxation, for the same purpose, would be higher on the property within, than upon that without the school district. Again, assume that the seventy-five cents per week exceeds the cost of tuition of such non-resident pupils, then the excess would accrue to the high school districts, and the taxpayers thereof would profit at the expense of those outside the limits of the high school district, and, in either case, the rule of uniformity prescribed in section 6 of said article of the constitution

would be violated; indirectly, perhaps, but it would be violated.

It is argued that section 1, of the article of the constitution under discussion, relates to uniformity of valuation only, and not to uniformity of rate of taxation. If that be true, then the provisions confer a barren right only, for the legislature could, under such construction, authorize municipal corporations to levy a higher rate of tax for a given purpose upon one subdivision of the corporation and a lower rate on other subdivisions, whereby some of the subdivisions, while their property might be uniform in valuation with all other subdivisions, would yet pay a much greater proportion of the taxes so levied. We are not disposed to so construe this section, but believe that it was intended, particularly when construed in connection with section 6, that for the same municipal purposes, the rate, as well as the valuation, should be uniform, and that it is not within the province of the legislature to evade the inhibition either directly or indirectly. Cooley, Taxation [1st ed.], 133. The high school district and all other portions of the country are, for the purposes of this act, an integral whole, such districts being a portion thereof, and giving effect to either of the assumptions above made, we would say that it clearly comes within the constitutional inhibitions named.

We quite agree with counsel for plaintiff that, under this act, the county is the proper unit of taxation; but we have already shown that, in event the cost of tuition should exceed or fall below the amount provided by section 3 of the act to be raised by taxing the property of the whole county, it would indirectly violate the rule of uniformity prescribed in section 6 of the article of the constitution named. It would also violate section 4 of said article, as an advantage would accrue to the taxpayers resident in the one or the other of the two portions of the county affected thereby, and it would clearly be a commutation of the taxes to be paid by the taxpayers resident in the one or the other of the two localities. It

may be true that such commutation would be brought about indirectly, that is, in case the cost of tuition exceeded the amount provided to be paid by the general tax upon the whole county, the taxpayers resident within the school district would be compelled to supply the deficiency by another levy upon the property within such district, whence it would follow that the difference would be a commutation in favor of those portions of the county outside the district; or, in case the cost of tuition should fall below the specified amount, the taxpayers within the limits of the district would profit at the expense of those without its limits; and it is clear that in either event a commutation of taxes would result. The cases stated are of course only assumptions, but they are the natural result of the system sought to be inaugurated by the act in question. It would seem clear and convincing that the act violates the provisions of the constitution cited, in the respects named, and that legislation of the character of the act in question can not be upheld by the court. *Clother v. Maher*, 15 Nebr., 1; *Turner v. Althaus*, 6 Nebr., 54; *State v. Poynter*, 59 Nebr., 417; *State v. Graham*, 17 Nebr., 43; *Union P. R. Co. v. Saunders County*, 7 Nebr., 228.

It is not deemed necessary to consider whether the fact that under this act, the taxpayers of such districts are compelled to pay the whole of the expense of educating pupils resident in such district and in addition thereto the proportion of the expense of educating non-resident pupils, affects the question of the constitutionality of the act; for, in our view, the act contains sufficient objections outside of this to render it invalid, and a discussion of this question would seem unnecessary. It is not doubted that, in a proper case, double taxation may be constitutional, and that taxation of overlying districts may also, in a proper case, be unobjectionable, so far as constitutional provisions are concerned; but it is not deemed necessary to enter into a discussion of this question at this time.

For the reason named, the judgment of the lower court
is right and is
                                              AFFIRMED.