Submitted on briefs October 23, affirmed November. 27, 1923.

## WILLIAM WEBER *v.* JORDAN VALLEY IRRIGATION DISTRICT ET AL.

### (220 Pac. 146.)

**Waters and Watercourses—Decree Adjudging Irrigation District Legally Organized Conclusive.**

A decree adjudging that an irrigation district had been established according to law and was entitled to issue and sell bonds, in a proceeding under Sections 7358–7360, Or. L., is conclusive against an attack on the organization of the district because notice of the petition was not given by petitioners themselves as required by Section 7305, Or. L., but by the county clerk.

From Malheur: DALTON BIGGS, Judge.

In Banc.

                                    AFFIRMED.

For appellants there was a brief over the names of *Messrs. Crandall & Crandall* and *Mr. Ivan L. Hiler.*

For respondents there was a brief over the names of *Messrs. Teal, Winfree, Johnson & McCulloch* and *Mr. J. B. Eldridge.*

RAND, J.—The plaintiff, a land owner within the district, on October 13, 1923, commenced this suit against the Jordan Valley Irrigation District and its board of directors seeking to enjoin the directors of the district from selling or offering for sale the bonds of said district.

By his complaint he alleges, in substance, that the district is not a legally organized district nor authorized to issue bonds for the reason that the notice stating the time of the meeting of the County Court at which the petition proposing the organization of the district would be presented to the County Court for its determination, was not given by the petitioners themselves as required by Section 7305, Or. L., but was given by the county clerk. From the complaint it appears that the notice in question was published over the name of the county clerk and that a copy of the petition, together with the signatures of the signers thereto, was a part of said publication.

In the case of *In re Harper Irr. Dist.*, 108 Or. 598 (216 Pac. 1020), citing *Creig* v. *Owyhee Irr. Dist.*, 102 Or. 265 (202 Pac. 222), and *In re Central Irr. Dist.*, 117 Cal. 382 (49 Pac. 354), it was held that this notice. must be given by the petitioners themselves, and that when given by the clerk and not by the petitioners, the notice is insufficient.

But it appears from the allegations of the complaint that on September 7, 1922, in conformity with the provisions of Section 7358, Or. L., the board of directors of said district filed a sufficient petition in the Circuit Court of Malheur County, praying that an examination be made of the proceedings under which

the district had been organized and of the orders of the County Court in establishing the district, and of the proceedings of the district in authorizing the issuance and sale of its bonds, and that in said suit, and on the twenty-third day of October, 1922, a decree was entered after notice of that proceeding had been duly and regularly published and given in the manner provided by law, adjudicating and determining that all of said proceedings were valid and legal in all respects, and that said district had been established according to law and that said district was entitled to issue and sell said bonds. The complaint also alleges that neither the plaintiff nor anyone else appeared in said suit or objected to the confirmation of said proceedings or to the issuance and sale by the district of its said bonds, and that the regularity and legality of the very matters and things referred to by the plaintiff in his complaint herein were, by said decree, confirmed.

A general demurrer of plaintiff's complaint was interposed, and from an order sustaining the same and dismissing his complaint, plaintiff appeals.

Sections 7358–7360, Or. L., provide for a special proceeding to be brought in the Circuit Court of the county where the office of an irrigation district is located, by the directors of an irrigation district, organized, as this one was, under the provisions of Sections 7305–7344, Or. L., for the purpose, among others, of having an examination made and a judicial determination had of the regularity and legality of the proceedings under which the district was organized and of the proceedings of the district authorizing the issuance and sale of its bonds, and in such suit it is made the duty of the court to determine whether the organization of the district and the acts done by it or

on its behalf were legal or otherwise, and until a confirmation has been had under said act, the district is not authorized to sell or dispose of its bonds. This statute directs the manner in which notice of the suit shall be given, and confers upon all persons interested the right to appear in the suit and contest the validity of any or all of the proceedings under which the district was formed or authority conferred upon the district to issue and sell bonds.

Section 7360 provides that any freeholder, legal voter or assessment payer within the district may, within thirty days after the entry of any order or the performance of any of the acts mentioned in Section 7358, bring a like proceeding in the Circuit Court concerning any of said matters, and provides that the court shall try and determine all questions for which a hearing is provided by Section 7358 in the same manner as if the proceedings had been brought by the district itself. It also declares: "No contest of any proceeding, matter or thing by this act provided to be had or done by the board of directors or supervisors of a district or by the County Court or by any freeholder, legal voter or assessment payer within the district, shall be had or maintained at any time or in any manner except as herein provided."

The plaintiff, in the special proceeding brought by the board of directors of said district for the purpose of having these questions determined and conclusively adjudicated, had a full and complete opportunity to appear, object and be heard upon all of the matters and things alleged in his complaint herein, but failed to avail himself of that opportunity, and under the express provisions of Section 7360 quoted above, the decree of the court confirming the same is final and conclusive upon him. If the proceedings complained of had never been confirmed by a decree of the court,

and the plaintiff was now objecting to confirmation of these proceedings, because of the insufficiency of the notice in question, in a suit brought either by the directors of the district, under the provisions of Section 7358, or by plaintiff himself, under, and within the time limited by, the provisions of Section 7360, the rule announced and followed in the case of *In re Harper Irr. Dist., supra,* would control, but as these proceedings have already been confirmed by a decree of the court which, by force of the express provisions of the statute itself, is binding upon the plaintiff, that rule is rendered inapplicable, and the case falls within the rule announced and followed upon this question in *Northern Pac. Ry. Co.* v. *John Day Irr. Dist.,* 106 Or. 140 (211 Pac. 781), that, after confirmation, a suit of this character cannot be maintained by a land owner.

The demurrer to plaintiff's complaint was therefore properly sustained and the decree appealed from is affirmed.                               AFFIRMED.