Argued March 22; affirmed April 18, 1933

## SMITH ET AL. *v.* BARNARD ET AL.

(21 P. (2d) 204)

*H. E. Slattery,* of Eugene (Alta King, District Attorney of Lane County, and Eugene V. Slattery, Deputy District Attorney, both of Eugene, on the brief), for appellants.

*Lawrence T. Harris,* of Eugene (Harris, Smith & Bryson, of Eugene, on the brief), for respondents.

BELT, J. This suit was commenced in 1931 to determine the constitutionality of the County High School Fund law, codified as section 35-4001 to section 35-4008, inclusive, Oregon Code 1930. Plaintiffs, who

are residents and taxpayers respectively of school district No. 4 (Eugene), school district No. 45 (Cottage Grove), school district No. 69 (Junction City), and school district No. 19 (Springfield), all in Lane county, Oregon, seek to enjoin the defendant officials from acting under and pursuant to this law on the ground that it violates the rule of uniform assessment and taxation as provided by article I, section 32, and article IX, section 1, of the Oregon Constitution, and that it transcends the due process clause of the Federal Constitution.

■ At the time this suit was instituted there were four legislative enactments having the purpose and object of affording every boy and girl an opportunity to secure a high school education regardless of whether they resided in the city or in a rural community. These acts are designated as (1) County High School law (section 35-3606 to section 35-3618, inclusive, Oregon Code 1930); (2) Union High School law (section 35-3701 to section 35-3723, inclusive, Oregon Code 1930); (3) County High School Tuition Fund law (section 35-4101 to section 35-4113, inclusive, Oregon Code 1930); and (4) County High School Fund law (section 35-4001 to section 35-4008, inclusive, Oregon Code 1930).

Under the County High School Fund law, or the one under consideration, hereafter referred to as the "Wheeler law", if the district boundary board on the first Monday following the first Wednesday of each year elects to operate thereunder as provided in section 35-4001, it is required to submit to the county court an estimate of the amount of money needed to pay the tuition of all high school pupils in the county for the year next ensuing. Upon receiving such estimate it is the duty of the county court under section 35-4002 "to

levy a special tax upon all the assessable property of the county sufficient to raise the money estimated as necessary for paying such tuition''. The basis for distribution is set forth in section 35-4004, as amended by chapter 167, Gen. Laws Or. 1931, which provides as follows:

"The basis of the distribution of the county high school fund shall be upon the average daily attendance during the school year. The total amount of money paid to any district during the school year shall not be less than sixty dollars ($60) per pupil for the first 20 of such average daily attendance, and fifty dollars ($50) for the second 20; nor more than thirty-five dollars ($35) per pupil for all the remaining pupils. But the total paid any district shall not exceed the amount paid by the district to the teachers employed therein''.

Section 35-4008 declares that:

"The district boundary board shall prepare and submit to the county court each year an estimate of the amount required to carry out the provisions of this act and such county court shall levy a tax for paying of [the] tuition of pupils attending high school outside of the county under the provisions of the high school tuition fund law''.

Plaintiffs contend that section 35-4004, as amended, renders the County High School Fund law unconstitutional in that it provides an arbitrary method of determining the amount to be paid to a high school district for furnishing high school education to pupils who come from non-high school districts. Otherwise stated, it is the contention of the plaintiffs that the practical effect of this law is to place an unequal burden on the taxpayers of school districts accepting high school pupils from non-high school districts, as the cost of furnishing such education greatly exceeds the amount

distributed, based on daily average attendance as provided in the above section. In each district represented in this suit there are more than 40 high school pupils coming from non-high school districts.

Let us apply the law to school district No. 4 in which is located the city of Eugene. The record discloses that, for the school year 1931-1932, there would be an estimated attendance of not less than 1,000 high school pupils with a daily average attendance of 700. Assume, in the light of the evidence, that 225 pupils would come from non-high school districts. The per capita cost of high school education in the Eugene district for such school year is estimated at not less than $89. Eugene would receive from the county high school fund not less than $60 per pupil for the first 20 pupils, $50 per pupil for the second 20, and not more than $35 per pupil for all the remaining pupils; but, in no event could it receive from such fund a sum in excess of the "amount paid by the district to the teachers employed therein". Obviously, there are many items of expense other than the payment of teachers' salaries. The result would be that the taxpayer of Eugene would be obliged to pay the 1.88 mills levy by the county court to create the high school fund, as do all taxpayers within Lane county, and, in addition, would be required to pay a sufficient amount of taxes to make up the deficiency incurred on account of furnishing education to pupils who come from non-high school districts. The evidence shows that the net loss to the taxpayers of the Eugene district, by reason of the operation of this law for the school year 1931-1932 would amount approximately to $10,000. In other words, the tax rate within the Eugene district would be about eight times as large as the rate paid in non-high school districts.

Lane county has 25 high schools operating under the "Wheeler law". It is the only county in the state which has ever so operated. The great majority of the counties have come under the County High School Tuition Fund law. In Lane county the law in question has had the effect of bringing about a mushroom growth of small high schools having one or two teachers. The high school district which has only 20 pupils receives from this fund not less than $60 per pupil. Such high school could be operated with one teacher and maintained largely with money received from the county high school fund. It is the comparatively large high school districts that are complaining of the unequal tax burdens cast upon them as a result of being obliged to furnish school facilities to pupils residing in non-high school districts.

It is clear that funds are not distributed, under section 35-4004, to high school districts receiving pupils from non-high school districts on the basis of actual cost of furnishing instruction to such pupils. The challenged law is entirely unlike the County High School Tuition Fund law which in effect reimburses high school districts for the actual cost of instruction to pupils from non-high school territory. See *Weinacht v. Bower,* 140 Or. 527 (14 P. (2d) 622), where such act was considered.

It is observed that, by virtue of section 35-4008, if a pupil goes from a non-high school district in Lane county to a high school district in Benton county, the high school receiving such pupil is paid on the basis of the actual cost of education, which the record discloses amounted in the school year of 1930 to $99.15 per pupil, whereas if such pupil went to a high school in Lane county compensation would be made not on

basis of actual expense but in accordance with the arbitrary standard as provided in section 35-4004.

Since the taxpayers in districts 4, 45, 69, and 19 must pay the special tax under this law, as do all taxpayers in non-high school districts, and must also, by reason of the arbitrary basis of distribution as provided in section 35-4004, pay whatever is necessary to make up the deficiency, the practical effect of the law is to contravene the constitutional provision of this state relative to uniform taxation.

■ It is urged that high school districts are not compelled to accept outside pupils but we apprehend, in the light of the purpose of the various legislative enactments above mentioned, that they would be obliged to do so if adequate educational facilities were available. Suffice it to say, the law authorizes the high school districts to accept such pupils. It is alleged and established by the evidence that high school districts in which plaintiffs reside have accepted pupils from non-high school districts and that they will continue to do so unless enjoined. As stated in *Sterett & Oberle Packing Co. v. Portland,* 79 Or. 260 (154 P. 410), "The constitutionality of a statute or ordinance is usually to be tested, not by what is actually done under it, but by what it authorizes and permits to be done". Citing numerous authorities.

*Dallas v. Love* (Tex. Civ. App.), 23 S. W. (2d) 431, is squarely in point. In that case a statute was under consideration which required a school district to accept a non-resident pupil for instruction at a tuition less than the actual per capita cost of such instruction. It was held that the law was unconstitutional on the ground that it permitted unequal taxation and deprived the district receiving such pupil of due process

of law. We note therein this significant language which we think is applicable to the case at bar:

"We do not believe, however, that it was ever, even remotely contemplated by the makers of our Constitution that, however essential a general diffusion of knowledge is to the preservation of liberties and rights, this essential purpose should be accomplished in disregard of other, equally sacred, provisions of the Constitution".

Also see the closely analogous cases of *Slocomb v. Cameron Independent School District,* 116 Tex. 288 (288 S. W. 1064); *High School District v. Lancaster County,* 60 Neb. 147 (82 N. W. 380, 49 L. R. A. 343, 83 Am. St. Rep. 525); *Irvin v. Gregory,* 86 Ga. 605 (13 S. E. 120); *Town of Bellepoint v. Pence,* 13 Ky. Law Rep. 371 (17 S. W. 197), which support the theory of the plaintiffs. No case based on a similar state of facts has been cited to the contrary.

The decree of the lower court that the County High School Fund law is unconstitutional and enjoining the defendant officials from acting pursuant thereto is affirmed. Plaintiffs are entitled to their costs and disbursements in this and in the lower court.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.