Argued May 5, affirmed June 17, 1964

# SCHOOL DISTRICT NO. 16-R UMATILLA COUNTY *v.* McCORMMACH ET UX

392 P. 2d 1019

*Nels Peterson,* Portland, argued the cause for appellants. With him on the brief were Currin & French, Pendleton.

*Harold A. Fabre,* Pendleton, argued the cause for respondents. On the brief were Fabre & Collins, Pendleton.

Before ROSSMAN, Presiding Justice, and PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

ROSSMAN, J.

This is an appeal by defendants, William Orval McCormmach and Merle McCormmach, husband and wife, from a judgment in favor of plaintiff entered upon a directed verdict. The complaint alleged that during the school terms 1955-1956 to 1961-1962 defendants resided outside the plaintiff school district and that during these terms they sent their four children to schools within the plaintiff district. The plaintiff seeks a total of $8,511.42 non-resident tuition. The court awarded the plaintiff judgment for that amount.

The defendants and their children have, since 1955, made their home in a dwelling located on a 160 acre farm known as the Curl place which is situated one mile outside the plaintiff district. The "Curl place" is owned by the defendants and Mr. McCormmach's brother apparently as a partnership venture, although the brother does not occupy the dwelling.

The defendants also own some real property in the Meacham area known as the Foster place. This property is situated in a mountainous area approximately 24 miles from Pendleton but within the geographical boundaries of the plaintiff school district. There is a dwelling upon the "Foster place" which the testimony indicates has a kitchen, bathroom, a half-bath and a living room. All the sleeping accommodations, composed of bunk beds, are located in the living room. The defendants testified that they visited the "Foster place" in all seasons of the year and that the longest visit was for a period of two months. The McCormmachs own a house in Pendleton located within the district. This house is apparently occupied by renters and has not been occupied by the defendants or their children during the period specified in the complaint.

In 1961 the plaintiff school district, then known as School District No. 16-C was reorganized to include portions of an adjoining school district. The new district, to be known as School District No. 16-R, was destined to come into existence in the ordinary course of events on July 1, 1962 (ORS 330.505-330.790). The county school superintendent failed to give the proper notice of election for the reorganization as required by statute. A petition was subsequently filed in the circuit court pursuant to ORS 33.710 and ORS 33.720 to cure this defect. The petition was unopposed and a decree was rendered July 16, 1962, validating the formation of School District No. 16-R. No appeal was taken from that decree. The decree was submitted with a motion to substitute School District No. 16-R for School District No. 16-C as plaintiff in this action. The motion was granted January 8, 1963.

At the close of plaintiff's case defendants moved for an involuntary nonsuit on the grounds (1) there was no valid proof of the existence of School District 16-R, (2) there was no proof the school board took action to establish the terms under which the McCormmach children were to be admitted as non-resident students, and (3) since the school board had not established the value of the school services, an action in quantum meruit would not lie. This motion was denied.

Appellants (defendants) offer four assignments of error. The first asserts that the court erred in denying the motion for involuntary nonsuit and in refusing to admit some documents which the defendants offered to show defects in the reorganization of plaintiff school district.

██ The decree of the circuit court validating the creation of School District 16-R was introduced to support the motion to substitute plaintiffs. Defendants'

assertion that this district was not validly created constitutes a collateral attack on the circuit court's decree. Unless the decree is void on its face, it is not subject to collateral attack. *Northern Pacific Ry Co. v. John Day Irr. Dist.*, 106 Or 140, 211 P 781; *Weber v. Jordan Valley Irr. Dist.*, 109 Or 426, 220 P 146. There is nothing in this record which indicates that the decree validating the reorganization is void on its face.

■ Defendants (appellants) argue the proceedings are subject to attack because the school district officials failed to adhere to the mandatory requirement of published notice of election. Failure to observe this mandatory requirement, they urge, voids the election and the proceedings must fall of its own weight; they cite *Witham v. McNutt*, 186 Or 668, 208 P2d 459. In the *Witham* case the court faced the question whether failure to comply with the statute regarding notice voided an election for annexation of territory. We held after an exhaustive analysis of the various rules and cases that strict compliance was not necessary; it is sufficient if there was substantial compliance and if it is reasonably probable that the defects would not have affected the result. Under this rule the circuit court could have found the proceedings valid despite the alleged defects.

■ Since this collateral attack cannot be maintained, the evidence offered by defendants to show defects in the reorganization is immaterial and was correctly excluded.

The second ground advanced by appellants in support of the motion for involuntary nonsuit is based on the failure of the minutes of the school board meetings to show any reference to terms by which the McCormmach children were admitted to schools in the

plaintiff district. They argue that the statute⓪ imposes a mandatory duty upon the school board to specify that a student is a non-resident, that he is admitted to the school of the district and the terms under which he is accepted. Board action, they assert, can be taken only in a regular or special board meeting, and the minutes of the meetings constitute the best evidence of the board's disposition in regard to the McCormmach children. Since the minutes of the board meetings fail to mention the McCormmach children, the defendants contend that the statute has not been obeyed and that, therefore, this action will not lie.

The record shows the clerk of the school district listed the McCormmach children as non-resident students for the years specified in the complaint and at the close of each school term sent statements to the defendants listing the amount of non-resident tuition owed for the preceding term. This action was taken, the clerk testified, under the direction of the school board.

■■ It is unnecessary for the board in a regular or special meeting to make a specific determination of residency of each pupil. The board is not in continuous session and it would impose an intolerable burden on the board to require it to designate specifically the residency of each pupil seeking admittance to schools within the district. It is sufficient that a subordinate officer of the board makes these determinations under the board's direction. The clerk, by statute (ORS

⓪ ORS 336.070: "* * * district school board shall admit free of charge to the schools of their district all persons between the ages of 6 and 21 residing therein. All other persons may be admitted on such terms as the district may direct."

ORS 336.073: "A district school board may determine who are nonresident pupils and may fix the rates of tuition for such pupils." (formerly 332.360).

332.510), is an official of the district school board and under that board's direct supervision and control. We do not have here a situation in which the board has completely abdicated the responsibility imposed by statute but merely the utilization as a matter of good administrative procedure of the aid of subordinates. The action of the clerk under the direction, supervision, and control of the district school board becomes the action of that board.

Appellants next assert that the motion for a directed verdict should have been denied because the jury is required to determine the fact of residency and the reasonableness of the tuition charges. The trial judge disclosed in a statement from the bench his reasons for directing the verdict. He stated there was no conflict in the evidence, that the Curl place was the permanent residence of the defendants and their children and that the amounts charged as tuition were reasonable.

The parties agreed that the McCormmach children had attended schools within the plaintiff school district during the time specified in the complaint. There is basically no conflict in the evidence concerning the places the McCormmachs and their children lived during this period, and no evidence challenging the reasonableness of the tuition. Consequently, there remains only the task of applying the law to the submitted facts to determine whether a directed verdict for the plaintiff was proper.

■ The words "resident" or "residence" are words having various meanings dependent on the context of the statute in which they occur. They must be construed in light of the purpose of the statute in which they appear and the result sought to be accomplished by their use. See *Owens v. Huntling,* 115 F2d 160;

*Elwert v. Elwert,* 196 Or 256, 248 P2d 847; *Zimmerman v. Zimmerman,* 174 Or 585, 155 P2d 293; *Popejoy v. Boynton,* 112 Or 646, 230 P 1016.

■ The statute concerning education evidences an intent on the part of the state to provide free education for all children within its borders. Being within the school district boundaries depends not so much on the technical requirements of domicile or residence for the purposes of suffrage or service of process or taxation but upon the physical presence of the child. For school purposes the term "residence" signifies the place where a child lives with some degree of permanency. There is no requirement of legal domicile; it is sufficient if the child lives with its parents or some person in loco parentis within the district. See *Cline v. Knight,* 111 Colo 8, 137 P2d 680; *Board of Trustees of Stanford Graded Common School Dist. v. Powell,* 145 Ky 93, 140 SW 67.

■ From this record the conclusion is inescapable that defendants and their children lived on the Curl place during the school terms specified in the complaint. Their visits to the mountain cabin in Meacham were not sufficient residence within the district to allow the McCormmach children free education in plaintiff district.

■ Mr. Unternahrer, Clerk of plaintiff district, testified that he calculated the tuition charges by using a formula which gave him a figure equal to or lower than the actual cost per pupil of operating the schools within the district. No evidence was offered to show that this amount was unreasonable, nor was any evidence presented indicating that any other amount could reasonably be charged. We held in *Smith v. Barnard,* 142 Or 567, 21 P2d 204, the County High

School Fund Law to be unconstitutional because a pupil from a non-high school district attending high school in another district was required to pay tuition materially lower than the actual cost per pupil of the education he received.

Appellants' two final assignments of error assert the court erred in refusing to admit certain testimony. The evidence excluded was not material to the issue of residency for school purposes or the reasonableness of the tuition charged.

None of the assertions of error reveal merit; consequently, the judgment of the circuit court is affirmed.